**COMMONWEALTH of Pennsylvania,**
**Appellant**

v.

**Gregory WALLACE, Appellee.**

Superior Court of Pennsylvania.

Argued April 15, 2008.

Filed July 3, 2008.

Reargument Denied Sept. 2, 2008.

Mary L. Huber, District Attorney, Philadelphia, for Commonwealth, appellant.

Thomas R. Quinn, Philadelphia, for appellee.

BEFORE: STEVENS, KLEIN, and POPOVICH, JJ.

OPINION BY STEVENS, J.:

¶ 1 The Commonwealth appeals from the order entered by the Court of Common Pleas of Philadelphia County on November 21, 2006, granting the motion to suppress of Appellee, Gregory Wallace.[1]  Herein, the Commonwealth argues that the trial court erred in granting the motion in that the search warrant in question was supported by probable cause.  We agree and reverse and remand for further proceedings.

¶ 2 On September 7, 2005, Philadelphia Police Officer Myra Yvette Hawkins received information from a confidential informant ("informant") to the effect that the informant could purchase cocaine from an individual named "Greg" (later identified as Appellee) at a specified location (635 Morris Street) and time (between the hours of 7:00 p.m.—10:00 p.m.) the following day.  Officer Hawkins conducted an investigation during which, as will be set forth *infra,* she corroborated and verified information supplied by the informant.  Following her investigation, Officer Hawkins sought a search warrant for the location in question, the execution of which was contingent upon the completion of a controlled buy of cocaine by the informant at the specified location later that day.

¶ 3 Thereafter, between 7:00 p.m. and 9:00 p.m., Officer Hawkins met with the informant, gave him $3,800 in pre-recorded buy money, and accompanied him to 635 Morris Street, where the officer observed the informant knock on the door and be admitted into the residence by Appellee.  Approximately two (2) to three (3) minutes later, the informant returned with two (2) bags of cocaine and twenty-two (22) methamphetamine pills.  N.T. 6/21/06 at 5–7.  At that time, police executed the search warrant and found, *inter alia,* the pre-recorded money, drugs, drug paraphernalia, and proof of residence.  The police search resulted in charges being lodged against Appellee for possession of a con-

---

1. It is well-settled that when a motion to suppress is granted, and when the Commonwealth asserts in good faith that the court's action substantially handicaps or effectively terminates the prosecution for lack of evidence, the Commonwealth has a right to appeal the suppression order. *Commonwealth v. Bosurgi,* 411 Pa. 56, 190 A.2d 304 (1963). In the present case, the Commonwealth has asserted that the court's order substantially handicaps its prosecution. *See* Notice of Appeal filed 12/21/06.

trolled substance, possession with intent to deliver a controlled substance (cocaine), possession of drug paraphernalia, and criminal use of a communication facility.

¶ 4 Appellee filed a pretrial Motion to Suppress the evidence the police seized pursuant to the authority of the search warrant that Officer Hawkins obtained earlier that day. A hearing on the motion was held on October 20, 2006, at which time Appellee argued, *inter alia*, that the anticipatory search warrant did not provide an adequate foundation to believe that criminal activity was afoot at the residence in question; therefore, there existed no probable cause for issuance of the warrant. Thereafter, on November 21, 2006, the court granted the motion on the basis that "the allegations set forth in the affidavit of probable cause [were] insufficient in that they fail[ed] to state any criminal activity." N.T. 11/21/06 at 3–4. The Commonwealth filed a request for reconsideration, which was denied on December 20, 2006. The present appeal followed.

¶ 5 Herein, the Commonwealth contends that the trial court erred in suppressing evidence obtained pursuant to the search warrant in that the warrant was supported by probable cause and issued in accordance with Pa.R.Crim.P. 203(f). We agree.

¶ 6 The standard of review applicable when considering a Commonwealth appeal from an order granting suppression is as follows:

> We begin by noting that where a motion to suppress has been filed, the burden is on the Commonwealth to establish by a preponderance of the evidence that the challenged evidence is admissible. In reviewing the ruling of a suppression court, our task is to determine whether the factual findings are supported by the record. If so, we are bound by those findings. Where, as here, it is the Commonwealth who is appealing the decision of the suppression court, we must consider only the evidence of the defendant's witnesses and so much of the evidence for the prosecution as read in the context of the record as a whole remains uncontradicted.

*Commonwealth v. Lindblom*, 854 A.2d 604, 605 (Pa.Super.2004) (internal citations omitted).

¶ 7 Pa.R.Crim.P. 203 provides, in pertinent part, that:

> A search warrant may be issued in anticipation of a prospective event as long as the warrant is based upon an affidavit showing probable cause that at some future time, but not currently, certain evidence of a crime will be located at a specified place.

Pa.R.Cri.P. 203(F).

¶ 8 It is well-settled that "in determining whether probable cause for issuance of a warrant is present a 'totality of the circumstances' test" is employed. *Commonwealth v. Murphy*, 916 A.2d 679, 681–682 (Pa.Super.2007). This Court has noted that: "Under such a standard, the task of the issuing authority is to make a practical, common sense assessment whether, given all the circumstances set forth in the affidavit, there is a fair probability that contraband or evidence of a crime will be found in a particular place." *Id.* at 682 (citation omitted). In *Commonwealth v. West*, 937 A.2d 516 (Pa.Super.2007), this Court reiterated the above standard, adding that "[p]robable cause does not require a *prima facie* showing of criminal activity." *Id.* at 530 (citation omitted). *See Commonwealth v. Gannon*, 308 Pa.Super. 330, 454 A.2d 561, 565 (1982) ("The critical element in a reasonable search is not that the owner of the property is suspected of crime but that the specific 'things' to be searched for and seized are located on the property to which entry is sought.") (citation omitted).

¶ 9 The Supreme Court has explained that "[p]robable cause is a 'practical, nontechnical conception:' it 'is a fluid concept—turning on the assessment of probabilities in particular factual contexts not readily, or even usefully, reduced to a neat set of legal rules.'" *Commonwealth v. Glass,* 562 Pa. 187, 201, 754 A.2d 655, 663 (2000) (citations omitted). "[T]he notion of probable cause [is] based on 'the factual and practical considerations of everyday life on which reasonable and prudent men, not legal technicians, act.'" *Commonwealth v. Gray,* 509 Pa. 476, 483, 503 A.2d 921, 925 (1985), *quoting Illinois v. Gates,* 462 U.S. 213, 231, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983).

¶ 10 Moreover, we note that "[a] reviewing court may not conduct a *de novo* review of the issuing authority's probable cause determination. The role of both the reviewing court and the appellate court is confined to determining whether there is substantial evidence in the record supporting the decision to issue the warrant." *Commonwealth v. Huntington,* 924 A.2d 1252, 1259 (Pa.Super.2007) (internal citations omitted).

¶ 11 In the case *sub judice,* the affidavit of probable cause in the search warrant presented to the issuing authority contained the following information provided by Officer Hawkins:

On Wednesday, 09–07–05, P/O Hawkins # 5701 received information from C/I# NFU# 2–012 about the sales of cocaine from a black male who is known to the informant as "GREG" and operates a Gold colored Mercedes used to deliver narcotics. The informant stated that he/she can purchase 4 ounces of cocaine from "GREG" this date (09–08–05) between the hours of 7:00pm—10:00pm. The informant also supplied the cellular and home phone number of "GREG" which is (215) 514–7235 (cellular) and (215) 462–4450). P/O Hawkins

debriefed this informant again on 09–08–05, at which time the location for the sale was determined to be at 635 Morris Street.

P/O Hawkins # 5701 conducted an investigation of the residence of 635 Morris Street. Voters registration identified Gregory Wallace, DOB 02281971) as a registered voter at the location. A Bureau of Motor Vehicles investigation showed Gregory Wallace having a valid PA DL# 28390984 at the location of 635 Morris Street. A Criminal History Check of Philadelphia Photo Number # 0978274 give [sic] the address of 635 Morris Street listing the phone number of (215) 462–4450 same home phone number given to police by C/I NFU# 2–012 on 9–07–05.

C/I NFU# 2–012 has been used in the past refer to DC# 05–03–033540 yielding approx. 60 grams of cocaine with a street value of 6,000.00 and drug paraphernalia. After interviewing the informant and conducting an investigation of the premises, your affiant is requesting an anticipatory search warrant for the location of 635 Morris St upon completion of a controlled purchase of cocaine by this confidential informant.

Affidavit of Probable Cause, 9/8/05 at 2.

¶ 12 The above affidavit explains: the manner in which the matter was brought to the attention of investigating authorities; the steps taken by Officer Hawkins to corroborate and verify the information supplied by the informant; the timing of her investigation; and the precise nature of the triggering event, namely the controlled buy. Once the controlled buy was made, probable cause was established. Based on the totality of circumstances, we find that the affidavit reveals a fair probability that the controlled buy would take place, and that controlled substances would be found at the location in

question. Accordingly, finding that the search warrant possessed the requisite probable cause, we hold that the evidence seized from the residence pursuant to the search warrant was lawfully obtained.

¶ 13 Concluding that there is no justification to suppress the items seized, we reverse the trial court's suppression ruling and remand for proceedings consistent with this decision.

¶ 14 Order Reversed; Case Remanded; Jurisdiction Relinquished.