42 A.3d 1040

**COMMONWEALTH of Pennsylvania, Appellee**

v.

**Gregory WALLACE, Appellant.**

Supreme Court of Pennsylvania.

Argued March 9, 2010.

Decided April 26, 2012.

Louis Theodore Savino, Jr., Louis T. Savino Associates, P.C., Philadelphia, Elliot Cohen, for Gregory Wallace.

Hugh H. Burns, Jr., Philadelphia District Attorney's Office, Philadelphia, Mary Huber, for Commonwealth of Pennsylvania.

BEFORE: CASTILLE, C.J., SAYLOR, EAKIN, BAER, TODD, McCAFFERY, ORIE MELVIN, JJ.

## *OPINION*

Justice TODD.

In this case, we address whether there was sufficient probable cause for the issuance of an anticipatory search warrant for Appellant's home. After review, we conclude there was not and, thus, find the warrant, which authorized a search of Appellant's home after the completion of a controlled purchase by a confidential informant, violated the Fourth Amendment to the United States Constitution, as well as Article I, Section 8 of the Pennsylvania Constitution. We therefore reverse the order of the Superior Court and reinstate the order of the trial court which suppressed evidence seized from Appellant's home.

On September 8, 2005, Philadelphia Narcotics Officer Myra Hawkins sought an anticipatory search warrant for Appellant's residence based on the following allegations she set forth in the affidavit of probable cause:

On Wednesday, 09–07–05, P/O Hawkins # 5701 received information from C/I # NFU# 2–012 about the sales of cocaine from a black male who is known to the informant as "GREG" and operates a Gold colored Mercedes used to deliver narcotics. The informant stated that he/she [1] can purchase 4 ounces of cocaine from "GREG" this date (09–08–05) between the hours of 7:00 p.m.–10:00 p.m. The informant also supplied the cellular and home phone number of "GREG" which is (215) 514–7235 (cellular) and (215) 462–4450). P/O Hawkins debriefed this informant again on

---

1. For ease of reading, we will use the pronoun "he" throughout this opinion in reference to the informant.

09–08–05, at which time the location for the sale was determined to be at 635 Morris Street.

P/O Hawkins # 5701 conducted an investigation of the residence of 635 Morris Street. Voters registration identified Gregory Wallace, DOB 02281971)[sic] as a registered voter at the location. A Bureau of Motor Vehicles investigation showed Gregory Wallace having a valid PA DL# 28390984 at the location of 635 Morris Street. A Criminal History Check of Philadelphia Photo Number # 0978274 give [sic] the address of 635 Morris Street listing the phone number of (215) 462–4450 same home phone number given to police by C/I NFU# 2–012 on 09–07–05.

C/I NFU# 2–012 has been used in the past refer to DC# 05–03–033540 yielding approx. 60 grams of cocaine with a street value of 6,000.00 and drug paraphernalia. After interviewing the informant and conducting an investigation of the premises, your affiant is requesting an anticipatory search warrant for the location of 635 Morris St upon completion of a controlled purchase of cocaine by this confidential informant.

Affidavit of Probable Cause, 9/08/05, at 2.

The warrant was issued by a magistrate judge on September 8, 2005. That same day, between 7:00 and 9:00 p.m., Officer Hawkins accompanied the informant to a house at 635 Morris Street and, after searching the informant for money and contraband, gave him $3,800.00 in prerecorded "buy money." Officer Hawkins observed the informant knock on the door and then enter the residence. Two to three minutes later the informant exited the house, walked to where Officer Hawkins was waiting, and provided her with two bags of cocaine. The police then executed the search warrant, entered the house, and recovered during their search the buy money, along with other drugs, drug paraphernalia, and Appellant's keys to the house.

Appellant was arrested and charged with possession and possession with intent to deliver cocaine, as well as possession of drug paraphernalia. Prior to trial, he filed a suppression

motion, and, after conducting a suppression hearing, the Honorable Lillian Ransom ruled the drugs should be suppressed on the grounds that the warrant was not supported by adequate probable cause. In her Pa.R.A.P. 1925(a) opinion, Judge Ransom explained her reasoning: "Although the police verified the name, address and telephone number that the confidential informant gave to them, none of this information evidenced any suspicion of criminal activity. The police had not observed any criminal activity nor were they informed of any prior criminal activity involving either the appellant or that location." Trial Court Opinion, 6/14/2007, at 3–4. The court additionally observed that the police did nothing to corroborate that the residence was being used for drug activity, through independent surveillance or other means, and, unlike in previous decisions from our Court concerning the validity of anticipatory search warrants—*Commonwealth v. Glass*, 562 Pa. 187, 754 A.2d 655 (2000), and *Commonwealth v. Coleman*, 574 Pa. 261, 830 A.2d 554 (2003)—there was no controlled buy of narcotics prior to the issuance of the warrant.

The Superior Court reversed the trial court in an opinion authored by then-Judge, now-President Judge Correale Stevens and joined by Judges Richard Klein and Zoran Popovich. *Commonwealth v. Wallace*, 953 A.2d 1259 (Pa.Super.2008). The panel offered the following rationale in support of its decision:

The ... affidavit explains: the manner in which the matter was brought to the attention of investigating authorities; the steps taken by Officer Hawkins to corroborate and verify the information supplied by the informant; the timing of her investigation; and the precise nature of the triggering event, namely the controlled buy. Once the controlled buy was made, probable cause was established. Based on the totality of circumstances, we find that the affidavit reveals a fair probability that the controlled buy would take place, and that controlled substances would be found at the location in question. Accordingly, finding that the search warrant possessed the requisite probable cause, we hold

that the evidence seized from the residence pursuant to the search warrant was lawfully obtained.

953 A.2d at 1262–63.

Appellant filed a petition for allowance of appeal from our Court, which we granted, in order to consider the following question:

Did the Superior Court err in finding sufficient probable cause for the issuance of an anticipatory search warrant for Petitioner's home?

*Commonwealth v. Wallace,* 604 Pa. 322, 986 A.2d 46 (2009).

We begin by considering the arguments of the parties. Appellant contends that the decision of the Superior Court should be reversed because the affidavit of probable cause, facially, failed to set forth sufficient facts establishing probable cause that he was storing illegal drugs in his residence. Appellant points out that the only mention of his connection to illegal drugs was the informant's bald allegation that Appellant dealt drugs out of his automobile. He further notes that there was no effort made by the police to develop additional information to corroborate the allegations of the informant, or to establish that contraband could be found in his residence.

Appellant asserts that, under the United States Supreme Court decision in *Illinois v. Gates,* 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983) (articulating a "totality of the circumstances" test to analyze whether an affidavit in support of a search warrant contains sufficient probable cause under the Fourth Amendment to the United States Constitution), and our Court's holding in *Commonwealth v. Gray,* 509 Pa. 476, 503 A.2d 921 (1985) (adopting the *Gates* analysis under Article I, Section 8 of the Pennsylvania Constitution), in order to determine whether an affidavit sets forth adequate probable cause, an informant's "veracity, reliability and basis of knowledge must be assessed." Appellant's Brief at 10. Appellant maintains that the Superior Court failed to apply this standard when it evaluated the affidavit of probable cause in this matter.

Appellant notes that mere allegations by an informant, standing alone, are insufficient to establish probable cause, and he cites the plurality decision from our Court in *In the Interest of O.A.,* 552 Pa. 666, 717 A.2d 490 (1998), to buttress this conclusion. Appellant discusses the lead opinion in that case, which found a tip from an anonymous informant that another individual was dealing drugs, to be insufficient to establish probable cause for arrest, despite the fact that the police officer had asserted that the informant had previously given information leading to 50 arrests. As Appellant points out, that opinion applied the *Gates/Gray* totality of the circumstances test and determined that, because the police merely made bald assertions that the informant was reliable, but provided no objective facts establishing his reliability, the failure of the police to corroborate the allegations of the informant rendered the arrest, and the search conducted thereto, illegal.

Comparing the information set forth in the affidavit of probable cause in the instant matter, Appellant calls attention to the fact that it contained no facts which corroborated the allegations of the informant. Appellant contends that, since there was no other evidence in the affidavit, apart from the unverified allegations of the informant, to suggest that he was a drug dealer, or that he stored contraband at his home, this lack of corroboration rendered the warrant fatally defective for lack of probable cause.

Appellant stresses that even anticipatory search warrants, which contemplate the occurrence of a future event, must still be supported by sufficient information establishing a fair probability that the event will in fact occur. Appellant argues the Superior Court has previously recognized this requirement in *Commonwealth v. Smith,* 784 A.2d 182 (Pa.Super.2001) (upholding suppression of evidence seized pursuant to anticipatory search warrant because affidavit of probable cause did not sufficiently establish informant's reliability, his source of information, or his particular familiarity with defendants' affairs, nor did police observe any illicit behavior by the defen-

dants which established a fair probability that the drug pickup would take place as predicted by informant).

Appellant proffers that, in the instant matter, as in *Smith,* the source of the informant's allegations regarding drug dealing by Appellant was never disclosed in the affidavit of probable cause, nor did the affidavit contain any police corroboration of these allegations. Appellant again stresses that there was nothing in the affidavit of probable cause to establish that his residence was used for either drug dealing or storing contraband. Appellant notes that the type of information supplied by the informant regarding his address, phone number, and car was that which anyone could have obtained.

Appellant additionally propounds that the Superior Court misread and misapplied our Court's decision in *Coleman* and the United States Supreme Court's decision in *United States v. Grubbs,* 547 U.S. 90, 126 S.Ct. 1494, 164 L.Ed.2d 195 (2006), because both cases require that probable cause exist at the time an anticipatory search warrant is sought. Appellant points out that *Coleman,* like the instant case, involved the issuance of an anticipatory search warrant for a home which was to be executed after the occurrence of a controlled buy, but the affidavit of probable cause contained additional information establishing probable cause that drug activity had occurred inside of the home—namely, a controlled buy from the house a month prior to seeking the warrant, and police observation of late night and early morning activity at the house, suggesting further drug activity. Appellant notes that such supporting information indicating criminal activity in the home was lacking from the affidavit in the instant matter.

Appellant contends the requirements for the issuance of an anticipatory search warrant, which our Court articulated in *Coleman,* parallel those enunciated by the United States Supreme Court in *Grubbs.* In *Grubbs,* the high Court established that an affidavit of probable cause in support of an anticipatory search warrant must establish two "prerequisites of probability" in order for the warrant to comport with the probable cause requirements of the Fourth Amendment: (1) the affidavit must establish a fair probability that the trigger-

ing condition for the warrant's execution, as set forth in the affidavit, will occur at the place described therein, and (2) the affidavit must establish a fair probability that contraband will be found in the specified place after the triggering event for the execution of the warrant transpires.

Appellant asserts that the first requirement of *Grubbs* was not met in this case as there was no information contained in the warrant affidavit establishing that the triggering event would likely occur, as the affidavit did not set forth facts to indicate that the house was being used for drug activity. Appellant notes that the only mention of drug activity by the informant included in the affidavit was related to Appellant's car, the basis for the informant's allegations was not included in the affidavit, and there was no indication the informant had ever purchased drugs from Appellant at his house; thus, there was no probable cause to believe the controlled buy would likely occur—any such conclusion was merely speculation. Appellant avers that the Superior Court contravened *Grubbs* in basing its finding of the existence of probable cause solely on the occurrence of the triggering event in the affidavit—the controlled buy.

In response, the Commonwealth contends that the Superior Court did not hold, and the Commonwealth is not presently arguing, that the occurrence of the triggering event by itself was enough to establish probable cause for the issuance of the anticipatory search warrant. The Commonwealth maintains there was probable cause to believe the drug buy would occur, because the informant was of proven reliability, had personal knowledge of Appellant's drug sales, and the information he provided was partially corroborated by the police. The Commonwealth notes that the information received from the informant was detailed both in describing when the drugs could be purchased—between 7:00 and 10:00 p.m. on the night of September 8, 2005—and in the information provided about Appellant—that he had a criminal history and that one of the two phone numbers the informant gave the police officer was indeed registered to Appellant. The Commonwealth additionally cites the affidavit's declarations that the informant, in the

past, gave information which yielded a seizure of 60 grams of cocaine with a street value of $6,000. Finally, the Commonwealth stresses that the affidavit indicated the warrant would be executed only upon the completion of the controlled buy.

The Commonwealth disputes Appellant's contention that the Superior Court improperly ignored the first part of the *Grubbs* test, asserting the court found the totality of the circumstances established a "fair probability" that the controlled buy would occur which is equivalent to a finding of probable cause. Commonwealth's Brief at 10 (quoting *Wallace*, 953 A.2d at 1262). The Commonwealth argues that information from a "sufficiently reliable informant" can establish probable cause under the *Gates/Gray* totality of the circumstances test. Commonwealth's Brief at 10.

The Commonwealth points to four facts it argues, when viewed together, establish probable cause in the present case: (1) the informant was of proven reliability based on his past tip leading to the seizure of drugs; (2) the informant provided the Appellant's name, address, phone numbers, and the specific date and time when he would be able to buy a substantial quantity of cocaine—revealing his first-hand knowledge of the drug operation; (3) the informant's willingness to cooperate in the controlled buy was an indicia of his reliability since it was participation in criminal activity; and (4) the police corroborated the information provided by the informant regarding the Appellant's name, address, and telephone number.

The Commonwealth disputes that *Coleman* requires verified evidence of past criminal activity on the premises to be searched. This, the Commonwealth claims, misconstrues the purpose of an anticipatory search warrant which, in its view, instead requires a showing of probable cause that evidence of a criminal event will be found at a future time following the occurrence of a contingent event, and may be sought even if there is no evidence of past criminal activity which police personally observe. The Commonwealth cites *Grubbs* as an example, pointing out that, in that case, there was no prior police observation of any criminal activity at the defendant's house, but, yet, an anticipatory warrant was found to be

supported by probable cause since the information in the affidavit established a fair probability that both the triggering event would occur, and evidence of a crime would be found.

Additionally, according to the Commonwealth, Appellant is incorrect in his assertion that there was no information corroborating the informant's reliability. In the Commonwealth's view, the informant's reliability was corroborated by the fact that the affidavit specifically identified the case where the information he gave led to the seizure of cocaine. The Commonwealth further challenges Appellant's focus on the fact that the affidavit referred to drug dealing only in the Mercedes and not Appellant's house, contending that this did not detract from the reasonable conclusion that, since Appellant arranged to sell drugs to the informant at his house, it was likely that he was storing the drugs in the house in anticipation of the sale.

The Commonwealth dismisses Appellant's reliance on *O.A.*, noting it is a plurality decision and, hence, non-binding. Furthermore, the Commonwealth contends the affidavit therein contained sweeping assertions about the confidential informant's reliability without providing any supporting details. By contrast, herein, the Commonwealth contends the affidavit provided specific detailed information regarding an identified case in which drugs were seized because of information the informant provided. The Commonwealth distinguishes *Smith* on the grounds that the officer in that case provided no information the informant was reliable, was incorrect in material facts provided, and that the triggering event was a non-criminal act.

▇▇▇ Having considered the competing positions of the parties, we now address the question on which we granted review. Once a motion to suppress evidence has been filed, it is the Commonwealth's burden to prove, by a preponderance of the evidence, that the challenged evidence was not obtained in violation of the defendant's rights. Pa.R.Crim.P. 581(H); *Commonwealth v. Hamilton*, 543 Pa. 612, 614, 673 A.2d 915, 916 (1996). When our Court reviews an order of the trial

court granting suppression, we are bound by that court's factual findings to the extent that they are supported by the record, and we consider only the evidence offered by the defendant, as well as any portion of the Commonwealth's evidence which remains uncontradicted, when read in the context of the entire record. *Commonwealth v. Strickler,* 563 Pa. 47, 56 n. 1, 757 A.2d 884, 888 n. 1 (2000). Our review of the legal conclusions which have been drawn from such evidence, however, is *de novo,* and, consequently, we are not bound by the legal conclusions of the lower courts. *Commonwealth v. Mistler,* 590 Pa. 390, 396–97, 912 A.2d 1265, 1269 (2006).

When considering whether an anticipatory search warrant was supported by probable cause under the Fourth Amendment of the United States Constitution [2] and Article I, Section 8 of the Pennsylvania Constitution,[3] judicial review is confined to the averments contained within the four corners of the affidavit of probable cause. *Coleman,* 574 Pa. at 271, 830 A.2d at 560. Further, "[w]hether a particular anticipatory warrant should or should not be approved ... will depend upon the sufficiency of the averments in the individual case." *Glass,* 562 Pa. at 204, 754 A.2d at 665.

In judging whether particular averments establish probable cause, we are mindful of the principle that:

Probable cause ... is a practical, non-technical conception requiring a consideration of the totality of the circumstances ... The task of the issuing magistrate is simply to make a practical, commonsense decision whether, given all the cir-

---

**2.** The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.
U.S.C.A. Const., Amend. IV.

**3.** The people shall be secure in their persons, houses, papers and possessions from unreasonable searches and seizures, and no warrant to search any place or to seize any person or things shall issue without describing them as nearly as may be, nor without probable cause, supported by oath or affirmation subscribed to by the affiant.
Pa. Const., Art. 1, § 8.

cumstances set forth in the affidavit before him, including the 'veracity' and 'basis of knowledge' of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place.

*Coleman*, 574 Pa. at 271–72, 830 A.2d at 560 (quoting *Glass*, 562 Pa. at 197–98, 754 A.2d at 661, in turn quoting *Gray* 509 Pa. at 484, 503 A.2d at 925, and *Gates*, 462 U.S. at 238–39, 103 S.Ct. 2317).[4]

■ In applying the *Gates* test set forth by the United States Supreme Court, we consider the affidavit of probable cause "in its entirety, giving significance to each relevant piece of information and balancing the relative weights of all the various indicia of reliability (and unreliability) attending the tip." *Massachusetts v. Upton*, 466 U.S. 727, 732, 104 S.Ct. 2085, 80 L.Ed.2d 721 (1984). Our duty in conducting this review is to determine whether the issuing magistrate had a substantial basis for concluding that probable cause existed. *Commonwealth v. Torres*, 564 Pa. 86, 101, 764 A.2d 532, 540 (2001).

As the parties recognize, the United States Supreme Court, in *Grubbs*, established two requirements which an affidavit of probable cause in support of an anticipatory search warrant must meet under the Fourth Amendment: (1) "there is probable cause to believe the triggering condition will occur;" and (2) "if the triggering condition occurs 'there is a fair probability that contraband or evidence of a crime will be found in a particular place.'" *Grubbs*, 547 U.S. at 96–97, 126 S.Ct. 1494 (emphasis omitted). The high Court also held that "[t]he supporting affidavit must provide the magistrate with suffi-

4. In *Glass*, our Court reaffirmed that the *Gates* totality of the circumstances test standard, adopted by our Court in *Gray* as a matter of Pennsylvania constitutional law, is to be used to determine whether probable cause exists for the issuance of all search warrants under Article I, Section 8 of the Pennsylvania Constitution. Appellant does not presently argue that we should diverge from that analysis in determining whether probable cause existed for the issuance of the instant anticipatory search warrant under Article I, Section 8 of the Pennsylvania Constitution.

cient information to evaluate both aspects of the probable-cause determination." *Id.* at 97, 126 S.Ct. 1494.[5]

The high Court has made abundantly plain that the triggering event itself must be probable, and thus that an anticipatory search warrant for a search of a person's home may not be issued solely upon a claim that fruits of a crime will be found inside if a triggering event, such as delivery of contraband to the home, takes place and the warrant is executed. Justice Scalia, writing for the majority in *Grubbs*, explicitly and aptly cautioned in this regard: "If that were the extent of the probability determination, an anticipatory warrant could be issued for every house in the country, authorizing search and seizure if contraband should be delivered—though for any single location there is no likelihood that contraband will be delivered." *Id.* at 96, 126 S.Ct. 1494 (parentheses and emphasis omitted).

Contrary to the Commonwealth's assertion, the Superior Court appears to have conflated, in its analysis in the instant case, the dual essential components of the *Grubbs* standard by finding probable cause for the issuance of the anticipatory warrant based primarily upon the planned completion of the controlled purchase of drugs by the confidential informant at Appellant's home. *See Wallace,* 953 A.2d at 1262 ("Once the controlled buy was made, probable cause was established."). Although the Superior Court also went on to summarily conclude that the affidavit contained sufficient probable cause to believe the controlled purchase—the triggering event for the police to execute the warrant—would occur at Appellant's home, our examination of the totality of the factual circumstances set forth in the affidavit compels us to disagree.

■ This affidavit of probable cause stated that, according to the confidential informant, a man named "Greg" was making cocaine sales, and he used his car—a gold colored Mercedes—to "deliver narcotics." Affidavit of Probable Cause,

5. Appellant does not argue that there are additional probable cause requirements which an anticipatory search warrant must meet under Article I, Section 8 and, thus, for purposes of this opinion, we treat the requirements as coextensive.

9/8/05, at 2. However, the confidential informant made no allegation that drugs were being sold by "Greg" at Appellant's home. Indeed, the informant provided no factual details regarding the location and time of any of "Greg's" prior cocaine sales, or his basis of knowledge for this information. Moreover, these averments did not establish that "Greg" or anyone else was using his home for selling or storing drugs. As the Superior Court has previously and aptly opined on this point, "probable cause to believe that a man has committed a crime on the street does not necessarily give rise to probable cause to search his home." *Commonwealth v. Heyward,* 248 Pa.Super. 465, 375 A.2d 191, 192 (1977); *Commonwealth v. Kline,* 234 Pa.Super. 12, 335 A.2d 361, 364 (1975). There is nothing in this affidavit which would establish any nexus between Appellant's house and the sale or storage of drugs. *Cf. Commonwealth v. Clark,* 611 Pa. 601, 28 A.3d 1284 (2011) (where affidavit described police arrangement of controlled buy during which they observed defendant leave his residence, drive to site of prearranged buy, conduct the transaction, and return to his residence, which was wholly consistent with the description of defendant's manner and mode of delivery of drugs provided by confidential informant, it was sufficient to establish probable cause for search of defendant's residence); *Commonwealth v. Davis,* 407 Pa.Super. 415, 595 A.2d 1216 (1991) (finding informant's observations of defendant making three drug sales in the street and entering a particular residence after concluding each sale, and, also defendant's claim that he had just received a shipment of drugs, furnished adequate probable cause for a search warrant of defendant's home.)

Further, as the trial court concluded: "The police had not observed any criminal activity nor were they informed of any prior criminal activity involving either the appellant or that location." Trial Court Opinion, 6/14/2007, at 3–4. Additionally, unlike in *Coleman,* here the police did not independently attempt to establish that Appellant's residence was being used for selling or storing drugs, either by surveillance, or by

executing a controlled purchase there.[6] This affidavit stated only that the affiant conducted an "investigation of the premises," Affidavit of Probable Cause, 9/8/05, at 2, but it detailed nothing about the nature of that investigation or what results it produced.

Likewise, this affidavit of probable cause contained a paucity of information concerning the basis of knowledge for the informant's assertion that he could purchase drugs at Appellant's home at the time and date specified in the affidavit. The means by which the confidential informant learned of "Greg's" cocaine sales and the use of his car to deliver narcotics was not set forth in the affidavit, and there was no other evidence provided in the affidavit which would tend to corroborate the truth of these allegations. There was no factual basis in the affidavit which established that the confidential informant had any past relationship with "Greg," ever witnessed "Greg" in possession of drugs, or, critically, had been inside of Appellant's home recently and observed drugs stored there. Furthermore, there were no facts in the affidavit which suggested that the confidential informant had, at any time, personally purchased drugs from "Greg," or witnessed "Greg" selling drugs at **any** location, let alone at Appellant's home. In short, the affidavit contained only the informant's bare assertion that he could effectuate a controlled purchase at Appellant's home at a particular time.

While the high Court in *Gates* recognized that, in instances where the affidavit is deficient in establishing the informant's veracity, reliability, or basis of knowledge, a strong showing with respect to the other elements—or the existence of some other indicia of reliability—may compensate:

If, for example, a particular informant is known for the unusual reliability of his predictions of certain types of

6. We agree with the Commonwealth that in order to obtain an anticipatory search warrant our Court did not require, in *Coleman,* that controlled purchases or observations of criminal activity are required in every instance to corroborate information provided by confidential informants; nevertheless, the inclusion or absence of such information in the affidavit of probable cause are relevant factors which may be weighed as part of a probable cause analysis.

criminal activities in a locality, his failure, in a particular case, to thoroughly set forth the basis of his knowledge surely should not serve as an absolute bar to a finding of probable cause based on his tip. Likewise, if an unquestionably honest citizen comes forward with a report of criminal activity—which if fabricated would subject him to criminal liability—we have found rigorous scrutiny of the basis of his knowledge unnecessary. Conversely, even if we entertain some doubt as to an informant's motives, his explicit and detailed description of alleged wrongdoing, along with a statement that the event was observed first-hand, entitles his tip to greater weight than might otherwise be the case.

*Gates*, 462 U.S. at 233–34, 103 S.Ct. 2317 (citations and footnote omitted).

■ Presently, this affidavit's dearth of detail indicating the informant's basis of knowledge for his information is not offset by the meager facts contained in the affidavit regarding the informant's reliability and veracity. The affidavit recites only the informant's involvement with a single previous criminal case which, according to the affidavit, yielded a quantity of cocaine and drug paraphernalia; however, there is no additional factual information about the informant's activities in that case from which the magistrate could accurately evaluate the informant's reliability and veracity, i.e., whether the informant had participated in a controlled sale like the one the police were planning, the accuracy of the information he furnished, the role he played in the police discovery and seizure of the contraband, or, even, whether an arrest was made in that case based on his information. Thus, this sparse and undeveloped information in the affidavit regarding the informant's past involvement with the police on one prior case is certainly not enough to establish that he possessed "unusual" reliability, nor did it indicate he was a person whose veracity could not be questioned. *Cf. Gates*, 462 U.S. at 233, 103 S.Ct. 2317 (citing as an example of unusual reliability the performance of the confidential informant in *United States v. Sellers*, 483 F.2d 37 (5th Cir.1973), in which the informant had furnished reliable information on over 100 occasions); *Com-*

*monwealth v. Baker*, 532 Pa. 121, 615 A.2d 23 (1992) (holding that informant's admission of making three prior purchases of drugs from defendant, and completion of a fourth controlled purchase of drugs inside defendant's residence under supervision of police within 72 hours of warrant's issuance, established the reliability and credibility of informant's information that residence was used for drug sales). Further, contrary to the Commonwealth's contention, the informant's willingness to attempt to orchestrate a **future** drug transaction at the behest of the police says nothing about his **past** reliability, nor does the informant's promised participation in the future transaction provide any added indicia of reliability that the transaction would take place as planned.[7] Consequently, the information contained in the instant affidavit regarding the reliability and veracity of the informant was not of sufficient strength to overcome the complete lack of facts regarding the informant's basis of knowledge for the information which he conveyed to Officer Hawkins.

■ The Commonwealth also argues that the police adequately corroborated the information provided by the informant, the particular details which the police independently verified—i.e., that Appellant lived at the address provided by the confidential informant, and that Appellant was the listed party with the home phone number provided by the confidential informant. However, these facts constituted readily ascertainable public information of a very general nature and, thus, did not reveal a particular familiarity with Appellant's affairs which would bolster the reliability of the confidential informant's tip. *See Torres*, 564 Pa. at 99, 100 n. 8, 764 A.2d at 532, 540 n. 8 (holding limited police corroboration of general information received involving phone number, address, and general age of person alleged to be involved in criminal

7. The Commonwealth's reliance on *Commonwealth v. Reviera*, 387 Pa.Super. 196, 563 A.2d 1252 (1989), as support for this proposition is misplaced. In that case, it was the **defendant's** willingness to participate in an illegal transaction, i.e., his promise to an undercover police officer that he would deliver drugs to the officer when they came into his possession, which provided a reliable indication that the transaction would, in fact, occur.

activity did not provide indicia of reliability of other information provided by the informant, and is insufficient to sustain warrant). As Judge Ransom aptly noted in the instant case, "none of this information evidenced any suspicion of criminal activity." Trial Court Opinion, 6/14/07, at 3.

In sum, the totality of the factual circumstances in the affidavit of probable cause herein failed to provide the magistrate with a substantial basis to find probable cause to conclude that the controlled buy of drugs at Appellant's home would occur, which was the triggering condition for the execution of the anticipatory search warrant. As this is an indispensable requirement under the Fourth Amendment to the United States Constitution and Article I, Section 8 of our own Constitution for an anticipatory warrant to issue, the warrant issued by the magistrate in this matter was unlawful, and the trial court properly suppressed the evidence seized thereunder. We are therefore constrained to reverse the Superior Court's decision which reversed the trial court's suppression order.

Order reversed. Case remanded to the Superior Court for remand to the trial court for further proceedings. Jurisdiction relinquished.

Justices SAYLOR, BAER and ORIE MELVIN join the opinion.

Justice EAKIN files a dissenting opinion in which Chief Justice CASTILLE joins.

Justice McCAFFERY files a dissenting opinion in which Chief Justice CASTILLE joins.

Justice EAKIN, dissenting.

I respectfully dissent from the reversal of the Superior Court's order. After considering the four corners of the affidavit, I find there was sufficient probable cause therein to support the magistrate's decision to issue the anticipatory search warrant.

This Court has previously noted:

The task of the issuing magistrate is simply to make a practical, commonsense decision whether, given all the circumstances set forth in the affidavit before him, including the "veracity" and "basis of knowledge" of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place. And the duty of a reviewing court is simply to ensure that the magistrate had a "substantial basis ... for conclud[ing] that probable cause existed."

*Commonwealth v. Coleman,* 574 Pa. 261, 830 A.2d 554, 560 (2003) (quoting *Commonwealth v. Glass,* 562 Pa. 187, 754 A.2d 655, 661 (2000)). The probable cause determination is made by employing a totality of the circumstances test, *Commonwealth v. Jones,* 605 Pa. 188, 988 A.2d 649, 655 (2010), which has been characterized as "a 'practical, nontechnical conception ... a fluid concept—turning on the assessment of probabilities in particular factual contexts not readily, or even usefully, reduced to a neat set of legal rules.' " *Glass,* at 663 (quoting *Illinois v. Gates,* 462 U.S. 213, 231–32, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983)).

"A determination of probable cause based upon information received from a confidential informant depends upon the informant's reliability and basis of knowledge viewed in a common sense, non-technical manner." *Commonwealth v. Luv,* 557 Pa. 570, 735 A.2d 87, 90 (1999) (citation omitted). This Court has recognized, contrary to information from an anonymous informant, a known informant is far less likely to produce false information because a known informant puts himself at risk of prosecution for producing a false claim if the tip proves untrue. *Commonwealth v. Jackson,* 548 Pa. 484, 698 A.2d 571, 573–74 (1997) (relying on *Adams v. Williams,* 407 U.S. 143, 146–47, 92 S.Ct. 1921, 32 L.Ed.2d 612 (1972)). "[I]nformation received from confidential informants may properly form the basis of a probable cause determination ... where police independently corroborate the tip, or where the informant has provided accurate information of criminal activity in the past, or where the informant himself participated in the criminal activity." *Luv,* at 90 (citations omitted).

Regarding anticipatory warrants, the United States Supreme Court has stated:

[F]or a conditioned anticipatory warrant to comply with the Fourth Amendment's requirement of probable cause, two prerequisites of probability must be satisfied. It must be true not only that *if* the triggering condition occurs there is a fair probability that contraband or evidence of a crime will be found in a particular place, but also that there is probable cause to believe the triggering condition *will occur.* The supporting affidavit must provide the magistrate with sufficient information to evaluate both aspects of the probable-cause determination.

*United States v. Grubbs,* 547 U.S. 90, 96–97, 126 S.Ct. 1494, 164 L.Ed.2d 195 (2006) (emphasis in original) (internal citations and quotations omitted). The *Grubbs* standard—that an affidavit for an anticipatory warrant must establish probable cause both that contraband will be found in the location to be searched, and that there is a fair probability the triggering condition will occur—meshes with the factors this Court discussed in *Coleman* for an issuing magistrate to consider in reviewing a request for an anticipatory search warrant.

In *Coleman,* concluding the anticipatory search warrant was properly issued, we followed the Second Circuit Court of Appeals' standard requiring explicit information in the affidavit, which must establish: (1) the officer's belief that a delivery of contraband is going to occur; (2) how the officer obtained this belief; (3) how reliable the officer's sources are; and (4) the role of the officer in the delivery of the contraband. *Id.,* at 564 (citing *United States v. Garcia,* 882 F.2d 699, 703 (2d Cir.1989)).

While the affidavit here does not contain as much information as provided in *Coleman,* it nonetheless assuages *Coleman*'s concerns of police conjuring up scenarios to create probable cause. It contains all four enumerated elements: (1) Officer Hawkins believed a controlled buy of a specified amount of cocaine would occur between 7 p.m. and 10 p.m., on September 8, 2005, at 635 Morris Street; (2) she obtained this belief by debriefing a known confidential informant, twice; (3)

this confidential informant had previously proven reliable, and would be the person purchasing the cocaine, and Officer Hawkins corroborated the background information through standard and trusted means [1]; and (4) Officer Hawkins would be meeting with the informant prior to the purchase, controlling the buy, and police would not serve the warrant until the purchase was successful.

This information alone supports the magistrate's finding there was probable cause to believe the informant would be able to conduct the controlled buy and contraband would be found in the house where it took place. *See Luv*, at 90.

The present challenge is superficially illogical, as probable cause did exist when the search happened—however, as this was an "anticipatory warrant," the triggering event was not complete when the warrant issued, and *Grubbs* requires not only probable cause after the triggering event, but also a "fair probability" that the triggering event will in fact happen. The triggering event here was the completion of a controlled purchase of cocaine at the aforementioned location. The question is whether the information is sufficient to allow a magistrate to conclude there was a "fair probability" that the sale would happen as suggested.

While couched in terms of "anticipatory warrant," this case therefore turns on a garden-variety warrant review—whether the information in the affidavit is manifestly insufficient for a magistrate to believe the triggering sale would occur. This is

1. In *Draper v. United States*, 358 U.S. 307, 79 S.Ct. 329, 3 L.Ed.2d 327 (1959), an informant told an agent Draper would arrive on a morning train from Chicago in possession of heroin. The informant provided the agent with a description of Draper and his mannerisms. The agent saw a man alight from a Chicago-based train exhibiting the physical attributes and mannerisms described by the informant. The United States Supreme Court noted that, with the informant's information being thus verified, the agent had "reasonable grounds" to believe the unverified intelligence was also true, such that the agent had probable cause to believe Draper was committing a narcotics violation. *Id.*, at 313, 79 S.Ct. 329. Here, as in *Draper,* a previously reliable informant told the officer of a specific individual who would be conducting specific illegal activity at a specific location and time, and the officer verified the personal information to a degree roughly equivalent to that in *Draper.*

what the majority finds, spending considerable time talking about what the affidavit does not contain. This is an all too common methodology, looking at a document's shortcomings rather than evaluating its contents. Looking at what is not there is a red herring, causing a departure from the actual question. Our evaluation of course has nothing to do with what is not in the affidavit—the test is solely concerned with what the affidavit does contain. If the contents are sufficient for a disinterested magistrate to find a "fair probability" the sale would happen, the warrant passes constitutional muster.

It is true, as my colleagues point out at length, the source of the informant's information is not stated. If that were required, the affidavit fails. But again, this is not required—it is the wrong question. We have held an informant may be deemed reliable based on a number of factors, including those approved in *Luv:* where police corroborate the tip, or where the informant has provided accurate information of criminal activity in the past, or where the informant himself participated in the criminal activity. Those three, stated clearly in the disjunctive such that any one may suffice, are all present here, and the failure to state other reasons to believe the informant is irrelevant.

The affidavit here includes the following:

1. A known and registered informant told the police he or she can buy a specific amount of cocaine at a specific time from a named individual. Details about the individual are provided by the informant.

2. The officer independently confirmed the details about the individual.

3. The informant repeated the information to the officer the following day, to include the location of the proposed sale (the house in question), and a very specific window of time in which the purchase could occur.

4. The informant has proved reliable in the past, leading to a significant prior conviction involving thousands of dollars and similar amounts of cocaine.

> 5. The triggering event will be the known informant making a personal purchase under direction and supervision of the police.

We must see whether there is reason to credit the information, and whether that reason is sufficient. This affidavit has such reasons, both expressed and implied. It is there expressly in the form of prior reliability and corroboration. It is there impliedly, in that the informant is going to participate, and the consequences to the informant of this scale of lying to the officer would be substantial.

Given this, I find it difficult to conclude the sale would not occur. I find it *extremely* difficult to find there was not at least a fair probability it would occur. I find it difficult beyond peradventure to decide that no magistrate could ever make the conclusion there was a fair probability it would occur. As such, I dissent.

Chief Justice CASTILLE joins this dissenting opinion.

Justice McCAFFERY, dissenting.

I respectfully dissent because I believe the probable cause affidavit supporting the anticipatory search warrant in this matter was sufficient, under the totality of the circumstances, to permit the magistrate judge to conclude that the triggering event, a controlled drug buy, would likely take place at 635 Morris Street in Philadelphia, and that following the controlled buy, evidence of criminal activity would likely be found in that residence. In *Commonwealth v. Coleman*, 574 Pa. 261, 830 A.2d 554, 563–564 (2003), this Court held that the conditional nature of an anticipatory search warrant is relevant to the question of whether probable cause exists at the time such a warrant is issued. In other words, the fact that a search will be accomplished if, and only if, a triggering event occurs, is a relevant consideration in determining whether probable cause for the search exists. *Id.*

Instantly, I believe the majority largely overlooks the relevant fact that the execution of the warrant was specifically conditioned upon the actual occurrence of the anticipated drug

buy. Instead, the majority focuses on whether there was, prior to the controlled buy, sufficient police corroboration of the reliable confidential informant's statement that he or she could purchase four ounces of cocaine from Appellant between the hours of 7 p.m. and 10 p.m. at 635 Morris Street on September 8, 2005. Indeed, the gravamen of the majority's analysis is that probable cause was lacking because there was insufficient factual support to show the informant's veracity, reliability, and basis of knowledge. In reaching the determination that there were insufficient facts to conclude that the drug buy would occur as stated, the majority disregards as insignificant the fact that the police corroborated the information supplied by the informant regarding Appellant's name, phone number, address, vehicle registration, and criminal history, as well as the fact that the informant would participate in the controlled buy of cocaine from Appellant, and that the informant had previously given information in another case that led to the seizure of a large amount of cocaine.

The majority's approach here is contrary to this Court's recent holding in *Commonwealth v. Clark*, 28 A.3d 1284 (Pa.2011).[1] There, we stated that "an informant's tip may constitute probable cause where police independently corroborate the tip, **or** where the informant has provided accurate information of criminal activity in the past, **or** where the informant himself participated in the criminal activity." *Id.* at 1288 (*citing Commonwealth v. Luv*, 557 Pa. 570, 735 A.2d 87, 90 (1999) (emphasis in original)). In *Clark*, we rejected the conclusion of the lower courts that the affidavit was infirm because it contained no express statement quantifying the informant's reliability or basis of knowledge, and stated that "[b]oth lower courts failed to look at the information as a whole, but examined and considered individual factors in a mechanical fashion, effectively nullifying the mandate to assess the totality of the circumstances." *Id.* at 1289. Here, in

1. In *Clark*, we reversed the determination of the lower courts that a search warrant affidavit was infirm for failure to expound, expressly, on the informant's reliability, veracity, and basis of knowledge, where the affidavit recited the circumstances of a successful controlled drug buy that corroborated the informant's averments.

my view, the majority similarly fails to properly consider the totality of the circumstances, which included corroboration by the police of Appellant's address, phone number, name, and criminal history, as well as the informant's demonstrated past reliability, and his participation in the anticipated drug buy. More importantly, the totality of the circumstances here included the fact the search would be accomplished if, and only if, the anticipated drug buy was successful.

This is simply not a case in which the affiant requested a search warrant in anticipation of approaching a home or homes at random, seeking to purchase illegal drugs, and then entering if the occupant had drugs for sale. The investigation of Appellant was grounded in the information provided by a demonstrably reliable informant, who was to take part in a controlled drug buy. Moreover, the amount of drugs and marked "buy money" was not insignificant here: four ounces of cocaine were to be purchased for $3800 in pre-recorded bills. As in *Coleman, supra,* to disapprove of an anticipatory search warrant under these circumstances would force the police to wait until the actual occurrence of an anticipated drug buy, then proceed to a station house to prepare a warrant application, find a magistrate at night and seek approval, all the while risking that the evidence would disappear.

Where probable cause to search exists, the law does not require such risk. *See Commonwealth v. Glass,* 562 Pa. 187, 754 A.2d 655, 660–662 (2000) (holding that anticipatory search warrants pose no threat to settled views of probable cause and ensure independent pre-search review by a neutral magistrate, while at the same time providing police with the ability to respond quickly to ongoing criminality). This Court has aptly observed that "the purpose of warrant protection is not to pointlessly hinder the conscientious efforts of law enforcement to discover and address criminal activity: it is to ensure that, before intrusions are made, neutral judicial officers pass upon the question of the basis for a belief that evidence of a crime will be found at the place to be searched." *Coleman, supra* at 564. That determination is to be made in a common

sense, non-technical fashion in consideration of the totality of the circumstances. *Commonwealth v. Gray*, 509 Pa. 476, 503 A.2d 921, 925 (1985). Indeed, "probable cause ... is a fluid concept—turning on the assessment of probabilities in particular factual contexts not readily, or even usefully, reduced to a neat set of legal rules." *Glass, supra* at 662.

In my view, the majority here applies a hyper-technical test that focuses on individual factors regarding the informant's reliability and basis of knowledge to conclude that there was no probable cause to believe the controlled buy of cocaine at Appellant's residence would occur. Under the totality of the circumstances, I would conclude that probable cause did exist, and was sufficiently demonstrated in the supporting affidavit upon which the anticipatory search warrant was sought. Accordingly, I respectfully dissent.

Chief Justice CASTILLE joins the dissenting opinion.