J-A08004-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| VERQUEL JOHNSON | No. 3446 EDA 2015 |

Appeal from the Order October 15, 2015
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0000968-2015

BEFORE:  PANELLA, J., LAZARUS, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY PANELLA, J.                **FILED AUGUST 14, 2017**

The Commonwealth of Pennsylvania appeals from the order that suppressed evidence seized from Appellee, Verquel Johnson, after he fled from an investigative detention. The Commonwealth argues that police had a reasonable suspicion that Johnson was involved in criminal activity when they stopped him from moving his parked car. After careful review, we conclude that while the suppression court's factual findings are supported by the record, it erred in concluding that the officer did not have a reasonable suspicion that Johnson was involved in criminal activity. We therefore reverse and remand for further proceedings.

_____

[*] Former Justice specially assigned to the Superior Court.

The Commonwealth charged Johnson with violations of the Uniform Firearms Act and resisting arrest. Johnson filed a motion to suppress evidence of the firearm in his possession when he was arrested and of his actions in fleeing from the police and resisting arrest. After a hearing, the suppression court granted his motion, and the Commonwealth filed this timely appeal.[1]

"Once a motion to suppress evidence has been filed, it is the Commonwealth's burden to prove, by a preponderance of the evidence that the challenged evidence was not obtained in violation of the defendant's rights." **Commonwealth v. Wallace**, 42 A.3d 1040, 1047-1048 (Pa. 2012) (citations omitted). When we review an order suppressing evidence, we may consider only the evidence of the prosecution that remains uncontradicted.[2] **See Commonwealth v. Myers**, 118 A.3d 1122, 1125 (Pa. Super. 2015). We are not bound by the suppression court's legal conclusions and review the suppression court application of the law to the facts *de novo*. **See id**.

In contrast, we defer to the suppression court's findings of fact as it is in the bailiwick of the suppression court to assess the credibility of witnesses and the weight to be given to their testimony. **See id**. "It is within the

---

[1] The Commonwealth certified in its notice of appeal that the suppression order would terminate or substantially handicap the prosecution of Johnson, thereby perfecting our jurisdiction under Pa.R.A.P. 311(d).

[2] Johnson did not present any witnesses at the suppression hearing.

suppression court's sole province as factfinder to pass on the credibility of witnesses and the weight to be given to their testimony. The suppression court is free to believe all, some or none of the evidence presented at the suppression hearing." ***Commonwealth v. Elmobdy***, 823 A.2d 180, 183 (Pa. Super. 2003) (citation omitted).

The suppression court provided the following factual findings, which are adequately supported by the record before us.

> On November 22, 2014, at approximately 12:40 a.m., Philadelphia Police Officer Mark Marchetti was on duty, working alone, in full uniform and a marked police car, when he received a radio call of a burglary in progress on the 6500 block of Linmore Avenue. The flash information described the suspects as two black males, one with a black hoodie and one with a gray hoodie. Officer Marchetti and several other marked patrol cars responded to the radio call. As Officer Marchetti was driving down the 6500 block of Linmore Avenue, he observed two black individuals [Johnson and a passenger] sitting in a parked silver Chevy (hereinafter, "Chevy"). Officer Marchetti put his car in reverse and pulled next to the Chevy. As he was backing up, Officer Marchetti smelled marijuana; he did not smell it before he backed up. Officer Marchetti could not tell where the smell was emanating from. The Chevy was subsequently searched and no marijuana was recovered.

> When Officer Marchetti stepped out of his vehicle [Johnson] and the passenger jumped out of the Chevy and took flight. [Johnson] ran eastbound and the passenger ran westbound. Officer Marchetti pursued the passenger and he yelled to an officer, who was [] eight houses away, to stop [Johnson]. Officer Marchetti stopped and detained the passenger. Officer Kline stopped and detained [Johnson].

> [In his written incident report], Officer Marchetti noted that [Johnson and his passenger] attempted to flee during the vehicle stop. Officer Marchetti agreed that it was going to be a vehicle investigation. Officer Marchetti acknowledged that when he backed up his car to the Chevy, he did so in such a way to block

the occupants in. Officer Marchetti acknowledged that he wanted to investigate the occupants of the Chevy. He acknowledged that the occupants were not at the scene of the reported burglary.

…

At the close of the [suppression] hearing, the [suppression court] issued the following findings of fact. On November 22, 2015, [Johnson] was subjected to an investigative stop when Officer Marchetti blocked the egress of the car in which [Johnson] was sitting. Officer Marchetti did not observe [Johnson] engage in any criminal activity.

Suppression Court Opinion, 6/30/16, at 1-3 (citations omitted).

On appeal, the Commonwealth does not challenge the suppression court's finding that Officer Marchetti effected an investigatory detention of Johnson when he blocked Johnson's vehicle in. Rather, the Commonwealth challenges the suppression court's conclusion that Officer Marchetti lacked sufficient reasonable suspicion at that time to justify the investigatory detention.

Our Supreme Court has defined three levels of interaction between citizens and police officers: (1) a mere encounter, (2) an investigative detention, and (3) a custodial detention. ***See Commonwealth v. Fuller***, 940 A.2d 476, 478 (Pa. Super. 2007). In order to justify an investigative detention, an officer must identify specific, articulable facts that lead to a reasonable suspicion that the detainee is engaged in criminal activity. ***Commonwealth v. Stevenson***, 894 A.2d 759, 771 (Pa. Super. 2006). This determination is an objective one, based upon the facts available to the officer at the time. ***See id***.

- 4 -

Here, Officer Marchetti testified that he was responding to a report of a burglary in progress on the 6500 block of Linmore Avenue at approximately 1 a.m. **See** N.T., Suppression Hearing, 10/15/15, at 7-8. He followed two other police vehicles down the 6500 block. **See id**., at 8. As he started down the block, he observed four people standing outside. **See id**., at 9. He did not stop to investigate those people, as he did not believe that they matched the description of the suspects involved in the burglary. **See id**., at 9-10.

Farther down the block, he observed two individuals in a parked silver Chevrolet. **See id**., at 12. He could not identify whether the individuals in the car were male or female. **See id**. He proceeded to back up his vehicle to block the silver Chevrolet in. **See id**., at 25-27.

The trial court concluded that this testimony does not provide specific, articulable facts to support a finding of reasonable suspicion. We disagree. Officer Marchetti was responding to a burglary in progress call, which identified two males as suspects. While driving down the same block of the suspected burglary, he observed two individuals sitting in a parked car.

It is true that he did not investigate the four individuals who were standing outside on the same block as he passed them. But he testified that he did not believe that they matched the description of the suspects. Instead, he decided that two individuals sitting in a parked vehicle closer to the location of the suspected burglary required further investigation. He

could not identify their gender as he passed by, and decided to back up to determine whether they matched the description of the suspects.

These circumstances are sufficient to justify Officer Marchetti's initiation of an investigative detention. He could not determine whether the two individuals in the silver Chevrolet matched descriptions of the suspects in the burglary call without further investigation. Similarly, he did not desire to have the individuals flee before he could make that determination. These are specific, articulable facts that are objectively reasonable and that support a finding of reasonable suspicion. The suppression court erred in concluding otherwise. As a result, we reverse and remand for further proceedings.

Order reversed. Case remanded for further proceedings. Jurisdiction relinquished.

President Judge Emeritus Stevens joins the memorandum.

Judge Lazarus files a dissenting memorandum.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 8/14/2017