J-S54002-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| TIMOTHY BROCK | : | |
| | : | |
| Appellant | : | No. 719 WDA 2017 |

Appeal from the Judgment of Sentence April 18, 2017
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s):  CP-02-CR-0006503-2013

BEFORE:  PANELLA, J., LAZARUS, J., and MURRAY, J.

MEMORANDUM BY PANELLA, J.          **FILED NOVEMBER 09, 2018**

After a bench trial, the court found Timothy Brock guilty of second-degree murder. The Commonwealth charged him with participating in the robbery of a jitney driver, Monica Proviano, that culminated in Proviano being shot in the head with a shotgun and killed. On appeal, Brock argues the court erred when it found he had voluntarily waived his right to remain silent or to have an attorney present during his interrogation. Finding no error in the court's conclusions, we affirm.

Brock was apprehended after leading police on a chase through the streets of Pittsburgh. The chase ended after he crashed the car that had been

stolen from Proviano. Police read him his **Miranda**[1] rights, and informed him they were investigating how he came to be in possession of the stolen vehicle.

Brock then signed a written waiver of his right to remain silent and right to have his attorney present. After police challenged the details of his first explanation, Brock admitted to conspiring to rob Proviano and knowing his accomplice had a shotgun. Also, he admitted he heard a gunshot during the robbery, but did not admit to seeing Proviano get shot.

Brock argues the waiver of his right to remain silent and right to have an attorney present during questioning was not knowing and voluntary. "Once a motion to suppress evidence has been filed, it is the Commonwealth's burden to prove, by a preponderance of the evidence, that the challenged evidence was not obtained in violation of the defendant's rights." **Commonwealth v. Wallace**, 42 A.3d 1040, 1047-1048 (Pa. 2012) (citations omitted).

> Our standard of review in addressing a challenge to a trial court's denial of a suppression motion is whether the factual findings are supported by the record and whether the legal conclusions drawn from those facts are correct. When reviewing the ruling of the suppression court, we must consider only the evidence of the prosecution and so much of the evidence of the defense as remains uncontradicted when read in the context of the record as a whole. Where the record supports the findings of the suppression court, we are bound by those facts and may reverse only if the legal conclusions drawn therefrom are in error.

---

[1] **Miranda v. Arizona**, 384 U.S. 436 (1966).

*Commonwealth v. Eichinger*, 915 A.2d 1122, 1134 (Pa. 2007) (citations omitted).

"It is within the suppression court's sole province as factfinder to pass on the credibility of witnesses and the weight to be given to their testimony. The suppression court is free to believe all, some or none of the evidence presented at the suppression hearing." *Commonwealth v. Elmobdy*, 823 A.2d 180, 183 (Pa. Super. 2003) (citations omitted).

The validity of a waiver of *Miranda* rights is a question of law. *See Commonwealth v. Knox*, 50 A.3d 732, 746 (Pa. Super. 2012). "It is the Commonwealth's burden to establish whether [a defendant] knowingly and voluntarily waived his *Miranda* rights." *Eichinger*, 915 A.2d at 1135-1136 (citation omitted). To be voluntary, the waiver must not be the result of pressure applied by the state. *See Commonwealth v. Pruitt*, 951 A.2d 307, 318 (Pa. 2008). For the waiver to be knowingly committed, it must be made with "full comprehension of both the nature of the right being abandoned and the consequence of that choice." *Id*. (citation omitted).

At the suppression hearing, Detective Daniel Mayer testified he and his partner, Detective Zabelsky, interviewed Brock. The interview began at approximately 4:30 in the afternoon on the day after Proviano was robbed and murdered. *See* N.T., Suppression Hearing, 11/29/16, at 5. Officers had taken Brock into custody approximately an hour beforehand. *See id*., at 6.

Brock had access to food and water while he was in the interview room. ***See id***.

Detective Mayer gave Brock Allegheny County Police Form R12, Rights Warning Waiver. ***See id***., at 7. This form contained a listing of the applicable ***Miranda*** rights. ***See id***. Detective Zabelsky read the form to Brock. ***See id***. Brock was then allowed time to review the form for himself. ***See id***.

Brock indicated, in writing, he understood his rights and that he was nevertheless willing to speak with the detectives. ***See id***. He then printed and signed his name on the form. ***See id***.

Brock did not display any apprehension or hesitation in signing the form. ***See id***. Nor did he appear to be intoxicated. ***See id***. He never asked for attorney, despite being given an opportunity to make a phone call. ***See id***., at 9.

Brock argues his waiver was not knowingly entered as he was unaware the detectives were investigating a homicide. A suspect cannot knowingly waive his ***Miranda*** rights if he does not have an awareness of the general nature of the crime being investigated. ***See Commonwealth v. Dixon***, 379 A.2d 553, 556 (Pa. 1977). "It is a far different thing to forego a lawyer where a traffic offense is involved than to waive counsel where first degree murder is at stake." ***Id***. (citation omitted).

However, the suspect need not have knowledge of the details of the criminal offense at issue. ***See id***. Instead, he need only be aware of the

"transaction" being investigated. *Id*. (citations omitted). To prove that a waiver was knowing and intelligent, the Commonwealth need only "establish the circumstances attending the interrogation and the lack of ambiguity as to the questioning's direction and purpose." *Commonwealth v. Moss*, 543 A.2d 514, 519 n.1 (Pa. 1988).

Brock contends the direction and purpose of the interview was ambiguous. He focuses on his age at the time (19 years old) and his psychiatric issues as circumstances indicating he was unaware of the nature of the transaction being investigated.

The suppression court found the circumstances established that Brock was aware he was going to be questioned about the murder of Proviano. We can find no error in the court's conclusion. Brock was questioned less than 48 hours after the robbery and murder of Proviano. He was found driving the car stolen from her.

While Brock focuses on the technical distinction between a charge of receiving stolen property and a charge of murder, we note that under the circumstances of this case the crimes are factually related. Proviano was murdered during the robbery. As such, it is clear Brock was aware of the nature of the transaction the detectives were investigating.

In addition, the court correctly found there was no evidence Brock was mentally impaired or incapable of acting voluntarily. The record supports this finding. Thus, the circumstances established he knowingly and voluntarily

waived his ***Miranda*** rights. As this is the only issue raised by Brock on appeal, we affirm the judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/9/2018