J. S14012/16

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :    IN THE SUPERIOR COURT OF
  :        PENNSYLVANIA
          v.        :
  :
JEREMY GENE AICHELE,      :      No. 1484 MDA 2015
  :
        Appellant    :

Appeal from the Judgment of Sentence, July 1, 2015,
in the Court of Common Pleas of Franklin County
Criminal Division at No. CP-28-CR-0001516-2014

BEFORE:  FORD ELLIOTT, P.J.E., PANELLA, J., AND STEVENS, P.J.E.*

MEMORANDUM BY FORD ELLIOTT, P.J.E.:      **FILED APRIL 13, 2016**

Jeremy Gene Aichele appeals the judgment of sentence in which the Court of Common Pleas of Franklin County sentenced him to serve 42-100 months for possession with intent to deliver a controlled substance and criminal use of a communications facility.[1]  Specifically, appellant challenges the denial of his motion to suppress.  We affirm.

On July 14, 2014, Officer Bryan P. Chappell, Jr. ("Officer Chappell"), applied for a warrant to search 205 West Fourth Street, Waynesboro, Pennsylvania.  Officer Chappell requested the issuance of the warrant to search for heroin, illegal controlled narcotics, evidence of funds or property

---

\* Former Justice specially assigned to the Superior Court.

[1] 35 P.S. § 780-113(a)(30) and 18 Pa.C.S.A. § 7512, respectively.

obtained from the distribution, manufacture, or possession of controlled substances, any paraphernalia, or any electronic devices used to facilitate the sale or distribution of controlled substances. Appellant resided at 205 West Fourth Street.

In the affidavit of probable cause, which was attached to the warrant application, Officer Chappell stated:

3) This investigation involves the distribution of heroin at 205 West Fourth Street within the borough of Waynesboro.

4) On July 14, 2014 I met with a Confidential Informant about heroin distribution happening at 205 West Fourth Street. A white male known as Jeremy Aichele is the target of this investigation. The Confidential Informant said that they are able to make a purchase of a quantity of heroin from 205 West Fourth Street, specifically from Jeremy Aichele. The Confidential Informant said that they are able to contact Jeremy Aichele via cellular telephone number (717) 655----- and make a request to purchase a quantity of heroin. The phone number (717) 655----- is on record for Jeremy Aichele through the Waynesboro Police Department Records.

5) The Confidential Informant has stated that they have purchased heroin from Jeremy Aichele at 205 West Fourth Street at least every other day for the last couple of weeks since Jeremy Aichele moved into the residence. The Confidential Informant stated that they contact Jeremy Aichele via cellular telephone and when the Confidential Informant arrives at the residence, Jeremy Aichele already has the heroin weighed out and waiting.

6) The Confidential Informant will make a phone call to Jeremy Aichele at (717) 655----- and set up a purchase of a quantity of heroin for $170.00 from the residence at 205 West Fourth Street Waynesboro. The Confidential Informant will be searched for illegal contraband and US Currency prior to and after the purchase of a quantity of heroin. After the Confidential Informant is searched, the Confidential Informant will be provided pre-recorded US Currency. The Confidential Informant will be followed to 205 West Fourth Street where the Confidential Informant will enter the residence and make a purchase of a quantity of heroin. The Confidential Informant will exit the residence and will be followed to a predetermined location. Once at the predetermined location the Confidential Informant will provide Investigators with a quantity of heroin. The heroin will be field tested. Once the heroin is tested and it shows a presumptive positive for the presence of heroin probable cause will have been established that drugs are being contained and sold at the residence of 205 West Fourth Stree [sic] Waynesboro. Only when these events have taken place, will probable cause have been established authorizing a search to be conducted at 205 West Fourth Street.

7) The Confidential Informants [sic] information has been corroborated by the purchase of heroin. Other information that has been provided by the Confidential Informant has been corroborated by Police Department Records and personal knowledge by this Officer.

Affidavit of probable cause ("Affidavit"), 7/14/14 at 1-2 ¶¶ 3-7.

A magisterial district judge issued the warrant on July 14, 2014. After the confidential informant ("CI") made the purchase of heroin for $170 as

outlined in the Affidavit, the Waynesboro Police Department executed the search warrant for 205 West Fourth Street. The search uncovered heroin, a digital scale, drug paraphernalia, and approximately $1,000, including the $170 that was used in the CI's controlled buy. On July 14, 2014, appellant was arrested and charged with delivery[2] and possession with intent to manufacture or deliver heroin and one count of criminal use of a communications facility.

On October 16, 2014, appellant filed an omnibus motion and alleged that the anticipatory search warrant was issued based on insufficient probable cause:

> 7. The information provided in the Affidavit of Probable Cause and Application for Search warrant suggests that the search warrant was issued based primarily on the assertion of a confidential informant that he/she had purchased drugs from Jeremy Aichele at the address in the recent past and would do so through a controlled buy with the police prior to execution of the warrant.

> 8. The only way this information from the informant was verified, as explained in the four corners of the document, was by checking the phone number given by the informant and confirming that it matched the number on record for Aichele at the Waynesboro Police Department.

> 9. The Affiant also makes a vague statement in the Affidavit that the 'Confidential Informant's information has been corroborated by the purchase of heroin,' and as no previous

---

[2] Appellant was not convicted of this charge.

controlled buy was mentioned, it can only be assumed that this statement is referring to the previous buys allegedly made by the informant himself/herself without police corroboration.

10. Therefore, this statement does nothing to bolster the reliability of the informant's assertions.

11. Additionally, the Affiant states cryptically that 'Other information that has been provided by the Confidential Informant has been corroborated by Police Department Records and personal knowledge by this Officer.'

12. Based on the information contained in the Affidavit, we can only assume that this information was Aichele's phone number and possibly the address or owner of the residence.

13. There is no information provided in the Affidavit which could lead us to believe the police were able to corroborate anything beyond that information.

14. Therefore, there was insufficient probable cause to issue an anticipatory search warrant.

Omnibus motion, 10/16/14 at 1-2 ¶¶7-14.

After it received the Commonwealth's response and heard oral argument, the trial court denied the motion:

The Court does not take lightly the importance of protecting individuals from unreasonable searches and seizures as required under the Fourth Amendment to the United States Constitution. However, the Court finds that the Affidavit of Probable Cause in this case was sufficient to satisfy the two prong test articulated in [**United States v.**] **Grubbs** [547 U.S. 90 (2006)] necessary for issuing an anticipatory search warrant. There was sufficient probable cause to believe that if the triggering

condition, the controlled buy, occurred there would be a fair probability of contraband or evidence found at [appellant's] residence. More importantly, and distinct from [**Commonwealth v.**] **Wallace** [42 A.3d 1040 (Pa. 2012)], there was probable cause to believe that the controlled buy itself would occur based on the information contained in the affidavit. As correctly highlighted by the Commonwealth, although the information provided by the CI was a significant contributing factor in establishing probable cause, the affidavit also confirms that the information was corroborated by Waynesboro Police department records and personal knowledge of the Affiant. Further, this Court finds [appellant's] attempt to analogize the case at hand with the decision in **Wallace** to be unavailing. The instant matter is clearly factually distinguishable from **Wallace** for the numerous aforementioned reasons. For all of the above mentioned reasons, [appellant's] Omnibus Motion must be denied.

Trial court opinion, 1/29/15 at 11-12.

Appellant raises the following issue for this court's review: "Did the trial court err in denying Appellant's Motion to Suppress?" (Appellant's brief at 4.)

> Initially, we note that our standard of review when an appellant appeals the denial of a suppression motion is well established. We are limited to determining whether the lower court's factual findings are supported by the record and whether the legal conclusions drawn therefrom are correct. We may consider the evidence of the witnesses offered by the Commonwealth, as verdict winner, and only so much of the evidence presented by [the] defense that is not contradicted when examined in the context of the record as a whole. We are bound by facts supported by the record and may reverse only if the legal conclusions reached by the court were erroneous. **Commonwealth v. O'Black**, 897 A.2d 1234, 1240 (Pa.Super. 2006),

> citing ***Commonwealth v. Scott***, 878 A.2d 874, 877 (Pa.Super. 2005), ***appeal denied***, 586 Pa. 749, 892 A.2d 823 (2005).

***Commonwealth v. Hughes***, 908 A.2d 924, 927 (Pa.Super. 2006). "It is within the sole province of the suppression court judge to weigh the credibility of the witnesses, and he or she is entitled to believe all, part, or none of the evidence presented." ***Commonwealth v. Snell***, 811 A.2d 581, 584 (Pa.Super. 2002), ***appeal denied***, 820 A.2d 162 (Pa. 2003) (citation omitted).

An anticipatory search warrant is a search warrant that is based on an affidavit which shows probable cause that at some future time, but not at the time of the affidavit, certain evidence will be located at the place specified in the affidavit. ***Commonwealth v. Glass***, 754 A.2d 655 (Pa. 2000).

In ***United States v. Grubbs***, 547 U.S. 90 (2006), the United States Supreme Court explained an anticipatory warrant:

> [F]or a conditioned anticipatory warrant to comply with the Fourth Amendment's requirement of probable cause, two prerequisites of probability must be satisfied. It must be true not only that if the triggering condition occurs there is a fair probability that contraband or evidence of a crime will be found in a particular place, but also that there is probable cause to believe the triggering condition will occur. The supporting affidavit must provide the magistrate with sufficient information to evaluate both aspects of the probable cause determination.

***Id.*** at 96-97.

In evaluating an affidavit for probable cause to issue a warrant, an issuing magistrate is to "make a practical, commonsense decision whether, given all the circumstances set forth in the affidavit before him, including the 'veracity' and 'basis of knowledge' of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place." **Glass**, 754 A.2d at 661 (citations omitted).

Appellant contends that there was not sufficient probable cause to believe the triggering condition, that the CI would purchase heroin from appellant at appellant's residence, would occur. Specifically, appellant cites four items in the affidavit which Officer Chappell relied on to establish probable cause and which appellant believes did not support such a finding: 1) an assertion by the CI that he would purchase heroin from appellant; 2) the CI's provision of a telephone number which was on record with the police as appellant's phone number; 3) the "method" through which appellant allegedly sold the heroin; and 4) the fact that "other information" provided by the CI was corroborated by the police.

With respect to the CI's assertion that he would purchase heroin from appellant, appellant argues that even though the affidavit states that the CI reported that he could purchase heroin from appellant and had done so for "at least every other day for the past couple of weeks" (Affidavit at 1 ¶5), the Affidavit does not address the CI's reliability. Appellant further complains that the Affidavit fails to state whether the Police Department had

ever used the CI previously. Without more information to demonstrate the credibility of the CI, appellant argues that the assertions by the CI are insufficient to establish probable cause.

However, the record reflects that the CI admitted to having purchased heroin from appellant numerous times, including every other day for the previous two weeks. The CI's admission that he had purchased heroin from appellant at that address very recently and very frequently provides adequate indication that the CI had a basis of knowledge regarding appellant's activities. Further, Officer Chappell stated in the Affidavit that other information provided by the CI was corroborated by police department records and Officer Chappell's own personal knowledge.

Next, appellant argues that the CI's provision of appellant's cellular telephone number, which was the same as the phone number the police had on file for appellant, does not render the CI's claims reliable. For support, appellant cites to **Commonwealth v. Wallace**, 42 A.3d 1040 (Pa. 2012). In **Wallace**, our supreme court held that an informant's information about Gregory Wallace ("Wallace"), a suspected drug dealer, that listed Wallace's address and home phone number, both of which the police independently verified, did not provide indicia of reliability of the informant because "these facts constituted readily ascertainable public information of a very general nature and, thus, did not reveal a particular familiarity with [Wallace's]

affairs which would bolster the reliability of the confidential informant's tip."

*Id.* at 1052.

> The trial court distinguished *Wallace* from the present case:

> Lastly, the Court would note that the type of phone number in the instant matter is different than the one involved in *Wallace*. The phone number contained in the affidavit in *Wallace* was the home number of the defendant's residence. However, the phone number in the case at bar was [appellant's] cell phone number. It is entirely understandable why the *Wallace* Court concluded that an individual's home phone number is readily ascertainable public information of a very general nature. Many home phone numbers can be discovered by any member of the public with relative ease simply by using a phone book. Most list an individual's name, home address, and the telephone number. Thus, verifying that an individual lived or owned a particular residence and learning the home phone number associated with it is a simple task. The same process cannot be used to obtain an individual's cell phone number. In this case the affidavit states that the CI was able to contact [appellant] through his cell phone number. This cell phone number was only able to be verified as [appellant's] through the Waynesboro police records. Therefore in this case it cannot be said that [appellant's] cell phone number constituted 'readily ascertainable public information of a very general nature.' The Court would note this important distinction from *Wallace.*

Trial court opinion, 1/29/15 at 10-11.

We agree with the trial court. There is a significant factual difference from *Wallace*. The fact that the CI had appellant's cell phone number and that number was corroborated by the police does support the reliability of the CI.

Next, appellant contends that the CI's description of the method by which appellant sold heroin does not support the CI's credibility and does not support a determination of probable cause. In the Affidavit, Officer Chappell stated that the CI said that he would call appellant to make a buy of heroin and when he arrived at appellant's residence, appellant would have the heroin weighed and waiting for him. Appellant argues that this is a description of a generic drug deal and does nothing to bolster the CI's reliability or credibility.

While this description may describe a typical drug deal, it does not mean it did not accurately describe how the CI purchased heroin from appellant and could support a determination that there was a fair probability that contraband or other evidence of a crime could be found at 205 West Fourth Street. It was the province of the fact-finder to credit this statement; we may not make our own credibility determinations.

Appellant next contends that the statement on the Affidavit that "[o]ther information that has been provided by the Confidential Informant has been corroborated by Police Department Records and personal knowledge by this Officer" (Affidavit at 2 ¶7) does not provide any clarity as to what Officer Chappell is referring and without any additional detail this statement cannot serve as corroborating evidence. The trial court stated that "[a]lthough not expanded upon in the affidavit, the Affiant's personal knowledge appears to include that the Affiant had investigated [appellant]

for drug activity prior to receiving any information regarding the CI regarding the current charges." (Trial court opinion, 1/29/15 at 10.) Appellant argues that the trial court cannot make this inference based on the information contained in the Affidavit.

While this statement may or may not illustrate that the police were investigating appellant, personal knowledge of the inside information provided by a confidential informant can impart additional reliability to a tip. **Commonwealth v. Smith**, 784 A.2d 182, 187 (Pa.Super. 2001). The fact that Officer Chappell attested to the veracity of other information supplied by the CI supports the credibility and reliability of the CI and bolsters the case for the issuance of a warrant.

Finally, appellant argues that these averments taken together do not meet the totality of the circumstances test where an issuing magistrate must determine that there is a fair probability that contraband or evidence of a crime will be found in a particular place based on all the circumstances set forth in the affidavit. **Commonwealth v. Coleman**, 830 A.2d 554 (Pa. 2003). Essentially, appellant restates his earlier arguments concerning each averment in the affidavit. Because we have already determined that these averments standing alone supported the issuance of a warrant, it stands to reason that the averments taken together could have led the magistrate to conclude that there was a good chance that the issuance of a warrant would

result in contraband or evidence of a crime.[3]  The trial court did not err when it denied the motion to suppress.

Judgment of sentence affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/13/2016

---

[3] Appellant also points to the statement in the Affidavit that "the Confidential Informant's information has been corroborated by the purchase of heroin" (Affidavit at 2 ¶7), and argues that Officer Chappell refers to the CI's statement that he previously purchased heroin from appellant and nothing more.  It is unclear exactly what is meant by this statement.  However, whether that proves to undermine the determination of probable cause must be examined in light of all of the totality of circumstances.  This court has already determined that there was sufficient information to issue a warrant given the totality of circumstances.