J-A31014-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA  :   IN THE SUPERIOR COURT OF
                                             :             PENNSYLVANIA
                                             :
                  v.                         :
                                             :
                                           :
OLIN JAMAR HORSEY                :
                                           :
            Appellant          :   No. 3192 EDA 2016

Appeal from the Judgment of Sentence August 11, 2016
In the Court of Common Pleas of Delaware County
Criminal Division at No(s):  CP-23-CR-0007240-2015

BEFORE:   PANELLA, J., OLSON, J., and STEVENS[*], P.J.E.

MEMORANDUM BY PANELLA, J.          **FILED AUGUST 29, 2018**

Olin Jamar Horsey appeals from the judgment of sentence entered in the Delaware County Court of Common Pleas. Horsey challenges the denial of his pre-trial motion to suppress, as well as the weight and sufficiency of the evidence underlying his convictions. We affirm.

On November 6, 2015, following the search of his home and vehicle, Horsey was arrested and charged with various drug offenses. Horsey moved to suppress the evidence gained from the warrantless search of his vehicle. The court held a suppression hearing.

At the hearing, the Commonwealth presented the testimony of Detective Michael Honicker. Detective Honicker is a forty-three year veteran detective,

---

[*] Former Justice specially assigned to the Superior Court.

assigned to Delaware County's Criminal Investigation Division, who has made numerous narcotics arrests over the course of his career.

At approximately 6:00 a.m. on November 6, 2015, Detective Honicker executed a search warrant on Horsey's residence, 218 Central Avenue in Chester, Pennsylvania. The search warrant was issued following Detective Honicker's usage of a confidential informant ("CI") to make a series of controlled buys of cocaine from Horsey at his residence. In addition to making the controlled buys, the CI informed Detective Honicker that Horsey regularly kept unregistered vehicles at his home, which he offered for sale.

During the search of the house, officers recovered a bag of marijuana, two cans of acetone,[1] drug paraphernalia coated with what Detective Honicker believed to be cocaine, and $3,050 secreted in the bottom of a box of dog biscuits. Upon searching Horsey, Detective Honicker discovered the key to a Mercedes-Benz vehicle, along with $227. When asked about the car key, Horsey informed Detective Honicker that "he did not know anything about it." Following this assertion, Detective Honicker pressed the remote button on the key, and the unregistered Mercedes parked in front of the premises responded.

---

[1] Detective Honicker informed the court that acetone is commonly used in the "re-rocking" of cocaine, a process in which acetone is added to cocaine to make it harder and appear "as if it came off the brick." N.T., Suppression Hearing, 6/14/16, at 19-20, 39.

After a search of the car, Detective Honicker recovered 2.2 grams of cocaine, packaging bags for cocaine, inositol,[2] and an electronic scale with suspected cocaine residue on it. This evidence was immediately visible to Detective Honicker when he opened the door to the vehicle. In addition to Detective Honicker's testimony, the parties stipulated that laboratory reports confirmed that the suspected cocaine and marijuana was in fact those two substances. And, the parties agreed that the underlying search warrant was valid, but did not include the vehicle as an item to be searched. Horsey did not testify at the suppression hearing, or present any additional testimony.

Following the hearing, the suppression court concluded that Detective Honicker's warrantless search of the Mercedes was properly supported by probable cause, and, therefore, denied Horsey's motion. A stipulated bench trial followed, during which the parties submitted the transcript and exhibits from the suppression hearing. The trial court found Horsey guilty of possession with intent to deliver ("PWID"), possession of a small amount of marijuana, and possession of drug paraphernalia. Horsey was sentenced to an aggregate term of two to four years' imprisonment. This timely appeal follows.

On appeal, Horsey challenges sufficiency of the evidence supporting his PWID verdict, the weight of the evidence underlying his convictions, and the denial of his pre-trial motion to suppress. Preliminarily, we find that Horsey

_____

[2] According to Detective Honicker, inositol is a cutting agent for cocaine. **See** N.T., Suppression Hearing, 6/14/16, at 26.

has waived any claim that the evidence supporting his PWID conviction was insufficient.

> [W]hen challenging the sufficiency of the evidence on appeal, the Appellant's [Rule] 1925[(b)] statement must specify the element or elements upon which the evidence was insufficient in order to preserve the issue for appeal. Such specificity is of particular importance in cases where, as here, the Appellant was convicted of multiple crimes each of which contains numerous elements that the Commonwealth must prove beyond a reasonable doubt.

*Commonwealth v. Garang*, 9 A.3d 237, 244 (Pa. Super. 2010) (internal citations and quotation marks omitted). *See also* Pa.R.A.P. 1925(b)(4)(vii).

While Horsey now claims to challenge the sufficiency of his PWID conviction, his Rule 1925(b) statement does not reference this conviction or any element of this offense. He simply claims "[t]here was insufficient evidence as a matter of law to support the verdict." Appellant's Rule 1925(b) Statement, 10/11/16, at ¶ 5. Thus, we find Horsey's sufficiency claim, waived.

Similarly, Horsey has failed to preserve his contention that the verdict was against the weight of the evidence. "A claim that the verdict was against the weight of the evidence shall be raised with the trial judge in a motion for a new trial: (1) orally, on the record, at any time before sentencing; (2) by written motion at any time before sentencing; or (3) in a post-sentence motion." Pa.R.Crim.P. 607(A)(1)-(3). A weight claim must be presented to the trial court first because "[a]ppellate review of a weight claim is a review of the exercise of discretion, not of the underlying question of whether the verdict is against the weight of the evidence." *Commonwealth v. Widmer*, 744 A.2d 745, 753 (Pa. 2000) (citation omitted). As such, failure to raise a weight claim

in the trial court will result in waiver of the issue on appeal, even if the appellant raises the issue in his Rule 1925(b) statement and the trial court addresses it in its Rule 1925(a) opinion. ***See Commonwealth v. Sherwood***, 982 A.2d 483, 494 (Pa. 2009).

That is the case here. While Horsey raised a weight claim in his Rule 1925(b) statement,[3] and the trial court addressed this claim in its Rule 1925(a) statement, he failed to raise this claim with the trial court either at sentencing, or in his post-trial motion. Therefore, we cannot address his claim that his convictions were against the weight of the evidence.

Moving to Horsey's sole preserved claim on appeal, he argues the trial court erred in denying his pretrial motion to suppress. "Once a motion to suppress evidence has been filed, it is the Commonwealth's burden to prove, by a preponderance of the evidence, that the challenged evidence was not obtained in violation of the defendant's rights." ***Commonwealth v. Wallace***, 42 A.3d 1040, 1047-1048 (Pa. 2012) (citations omitted).

---

[3] In his Rule 1925(b) statement, Horsey simply claims "[t]he verdict was against the law and the weight of the evidence." Appellant's Rule 1925(b) Statement. 10/11/16, at ¶ 6. The vagueness of this statement alone constitutes another basis for waiver. ***See Commonwealth v. Freeman***, 128 A.3d 1231, 1248-1249 (Pa. Super. 2015) (holding that appellant waived his challenge to the weight of the evidence where his Rule 1925(b) statement fails to specify which verdict or verdicts were contrary to the weight of the evidence or offer specific reasons as to why these verdicts were against the weight of the evidence); ***Commonwealth v. Seibert***, 799 A.2d 54, 62 (Pa. Super. 2002) (holding that appellant waived right to challenge weight of the evidence where Rule 1925(b) statement merely stated "[t]he verdict of the jury was against the weight of the credible evidence as to all of the charges").

Our standard of review in addressing a challenge to a trial court's denial of a suppression motion is whether the factual findings are supported by the record and whether the legal conclusions drawn from those facts are correct. When reviewing the ruling of the suppression court, we must consider only the evidence of the prosecution and so much of the evidence of the defense as remains uncontradicted when read in the context of the record as a whole. Where the record supports the findings of the suppression court, we are bound by those facts and may reverse only if the legal conclusions drawn therefrom are in error.

*Commonwealth v. Eichinger*, 915 A.2d 1122, 1134 (Pa. 2007) (citations omitted).

"It is within the suppression court's sole province as factfinder to pass on the credibility of witnesses and the weight to be given to their testimony. The suppression court is free to believe all, some or none of the evidence presented at the suppression hearing." *Commonwealth v. Elmobdy*, 823 A.2d 180, 183 (Pa. Super. 2003) (citation omitted).

Horsey challenges the trial court's failure to suppress the contraband recovered from the vehicle. He contends Detective Honicker's search of his vehicle was unsupported by probable cause and therefore in violation of the Fourth Amendment to the United States Constitution and Article I, Section Eight of the Pennsylvania Constitution.[4]

_____

[4] Horsey also argues that the trial court erred by concluding that the Mercedes-Benz in question was "abandoned." There is no indication in the record that the trial court ever deemed the Mercedes-Benz an abandoned vehicle. In fact, the trial court's conclusions of law in its suppression order contradict any finding that the Mercedes-Benz was an abandoned vehicle. *See* Trial Court Order, 7/7/16, at ¶¶ 4-5 (concluding Horsey had a privacy interest in the Mercedes-Benz based upon his ownership interest). Therefore, we will not address this baseless allegation.

- 6 -

The Fourth Amendment to the United States Constitution guarantees, "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated...." U.S. Const. amend. IV. The Pennsylvania Constitution also protects his interest by ensuring, "[t]he people shall be secure in their persons, houses, papers and possessions from unreasonable searches and seizures...." Pa. Const. Art. I, Section 8. Therefore, "[a]s a general rule, a search conducted without a warrant is presumed to be unreasonable unless it can be justified under a recognized exception to the search warrant requirement." *Commonwealth v. Agnew*, 600 A.2d 1265, 1271 (Pa. Super. 1991) (citations omitted).

One such exception to the search warrant requirement is the automobile exception. In Pennsylvania, "[t]he prerequisite for a warrantless search of a motor vehicle is probable cause to search; no level of exigency beyond the inherent mobility of a motor vehicle is required." *Commonwealth v. Gary*, 91 A.3d 102, 138 (Pa. 2014).

When reviewing a trial court's probable cause determination, we are mindful that probable cause will be found to exist

> where the facts and circumstances within the officer's knowledge are sufficient to warrant a prudent individual in believing that an offense was committed and that the defendant has committed it. In determining whether probable cause exists, we must consider the totality of the circumstances as they appeared to the arresting officer. Additionally, the evidence required to establish probable cause for a warrantless search must be more than a mere suspicion or a good faith belief on the part of the police officer.

*Commonwealth v. Griffin*, 24 A.3d 1037, 1042 (Pa. Super. 2011) (citations omitted). "The question we ask is not whether the officer's belief was correct or more likely true than false. Rather we require *only a probability*, and not a prima facie showing, of criminal activity." ***Commonwealth v. Thompson***, 985 A.2d 928, 931 (Pa. 2009) (quotation marks and citations omitted).

Here, the uncontroverted record shows that Detective Honicker found marijuana, acetone, a large amount of cash, and drug paraphernalia in Horsey's home pursuant to a valid search warrant. When searching Horsey's person, Detective Honicker found cash and a key to the Mercedes. When asked about the key, Horsey claimed no knowledge of the key or the vehicle—despite the fact that the vehicle alerted in close proximity to the house when Detective Honicker pushed the remote button. This denial, coupled with the fact that Detective Honicker already established that Horsey had committed a crime, and Detective Honicker's years of experience, provided Detective Honicker probable cause to believe the Mercedes contained contraband. ***See Griffin***, 24 A.3d at 1042. Therefore, Detective Honicker's search of the Mercedes was a valid exercise of the automobile exception to the warrant requirement. ***See Gary***, 91 A.3d at 138. The trial court properly denied Horsey's suppression motion. Horsey's assertions otherwise are without merit.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 8/29/18