J-S45021-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ALONZO E. COOPER | : | |
| | : | |
| Appellant | : | No. 899 MDA 2024 |

Appeal from the Judgment of Sentence Entered May 30, 2024
In the Court of Common Pleas of Berks County Criminal Division at
No(s):  CP-06-CR-0002237-2022

BEFORE:  OLSON, J., DUBOW, J., and McLAUGHLIN, J.

MEMORANDUM BY DUBOW, J.:                    **FILED: FEBRUARY 25, 2025**

Appellant, Alonzo E. Cooper, appeals from the May 30, 2024 judgment of sentence entered in the Berks County Court of Common Pleas following his conviction of two counts of Possession of a Controlled Substance and one count of Possession of Drug Paraphernalia.[1]  Appellant challenges the denial of his motion to suppress evidence.  After careful review, we are constrained to reverse the order denying the suppression motion because the record does not support the suppression court's application of the doctrine of inevitable discovery.

The relevant facts and procedural history are as follows.  On January 21, 2022, Exeter Township police officers, including Officer Jacob Auman, responded to the scene of a reported collision of a silver car with the median

_____

[1] 35 P.S. §§ 780-113(a)(16), and (a)(32), respectively.

on the westbound side of Route 422. The officers initially observed a field of debris, but no vehicle. Officer Auman then noticed slow moving-traffic in the right lane of the highway and smoke coming from a silver sedan that matched the description of the accident-involved vehicle and was traveling at 20 miles per hour or less. The front bumper of the sedan appeared to be dragging on the ground, the windshield was heavily cracked, and smoke emanated from the engine compartment. Because the sedan was delaying traffic and out of concern that the vehicle, which Officer Auman believed was the one involved in the reported crash, was going to catch fire, Officer Auman activated the lights of his marked patrol car and pulled the car over.

When the vehicle stopped, Officer Auman observed three occupants— the driver, a front-seat passenger, and a rear passenger seated behind the driver—all of whom were "shuffling around, moving around a lot." N.T. Suppression Hr'g, 10/23/23, at 6. The driver and front-seat passenger, later identified as Appellant, then opened the car doors and attempted to exit the car, whereupon Officer Auman ordered the men to remain inside. Officer Auman and firefighters approached from the passenger side and instructed the driver to turn the vehicle off.

Officer Auman then began gathering information for his crash report, during which time he continued to observe the vehicle's occupants moving and shuffling around inside. In response to Officer Auman's questions, Appellant—hesitating a few times—identified himself as "Dale Cooper" with a birth date of February 9, 1963, and indicated that he did not have identification

on his person. Officer Auman searched for "Dale Cooper" in his patrol car computer, but did not find any record of a person with that name and date of birth, which indicated to him that Appellant had given him a false identification.

Officer Auman returned to the vehicle, planning to transport Appellant to the sheriff's office for a Live Scan to aid in identifying Appellant. Officer Auman asked Appellant to exit the car, which Appellant did. Officer Auman then handcuffed Appellant and searched him, discovering 5 bags of crack cocaine, 1 bag of heroin, and a cut straw with white powder residue.

On May 9, 2022, the Commonwealth, based on the evidence seized from the search, charged Appellant with three counts of Possession of a Controlled Substance and one count each of Possession of Drug Paraphernalia.[2] On November 14, 2022, Appellant filed an omnibus pretrial motion seeking to suppress the physical evidence that Officer Auman discovered pursuant to the search.

On October 23, 2022, the suppression court held a hearing on Appellant's motion at which Officer Auman testified in accordance with the above facts. He also testified that, after he handcuffed Appellant, Appellant told him there was an outstanding bench warrant for his arrest because he had failed to pay child support. Officer Auman testified, however, that he

---

[2] The Commonwealth also charged Appellant with False Identification to Law Enforcement. The trial court subsequently granted Appellant's petition for *habeas corpus* relief with respect to this charge resulting in its dismissal.

would not have arrested Appellant for unpaid child support. In particular, Officer Auman testified that "[w]e wouldn't take [Appellant] into the courthouse here to be seen by a judge for that violation. I don't even think that at that point in time they would have accepted him down at the sheriff's department for that." *Id.* at 14. During his re-cross examination, Officer Auman explained that non-payment of child support is a non-NCIC offense, for which officers did not typically "take [violators] into the Sheriff's Department right away." *Id.* at 15. He also indicated that COVID restrictions in place at the time may have played a role in the decision not to take violators into custody. *Id.*

At the conclusion of the hearing, the suppression court denied Appellant's suppression motion. Notably, the court did not deny the motion to suppress on the grounds that Officer Auman's search while Appellant was handcuffed was legal. Instead, applying the doctrine of inevitable discovery, the court concluded that Officer Auman would have obtained the contraband when he searched Appellant incident to Appellant's arrest on the outstanding warrant for failure to pay child support. In other words, the trial court reasoned that because Officer Auman could have arrested Appellant pursuant to the bench warrant and would have then conducted a legal search incident to arrest, the doctrine of inevitable discovery legalized the otherwise unlawful search that occurred when Appellant was handcuffed.

On May 23, 2024, Appellant appeared for a bench trial, after which the trial court convicted him of two counts of Possession of a Controlled Substance and one count of Possession of Drug Paraphernalia.

On May 30, 2024, the trial court sentenced Appellant to an aggregate term of 141 days to 23 months of incarceration, with 141 days of credit for time served. Appellant did not file a post-sentence motion.

This appeal followed.[3]

Appellant raises the following issue on appeal: "Did the lower court err in failing to suppress evidence in this matter based upon its determination of 'inevitable discovery[?]'" Appellant's Brief at 8 (unnecessary capitalization omitted).

"Our standard of review in addressing a challenge to a trial court's denial of a suppression motion is whether the factual findings are supported by the record and whether the legal conclusions drawn from those facts are correct." *Commonwealth v. Evans*, 153 A.3d 323, 327 (Pa. Super. 2016) (citation omitted). "Once a motion to suppress evidence has been filed, it is the Commonwealth's burden to prove, by a preponderance of the evidence, that the challenged evidence was not obtained in violation of the defendant's rights." *Commonwealth v. Wallace*, 42 A.3d 1040, 1047-48 (Pa. 2012).

---

[3] Appellant filed a court-ordered Pa.R.A.P. 1925(b) statement. In lieu of filing a Rule 1925(a) opinion, the trial court directed this Court to the December 12, 2023 Findings of Fact and Conclusions of Law for its reasons in support of its denial of Appellant's motion to suppress.

Our scope of review of the suppression court's factual findings is limited to the record from the suppression hearing. ***Commonwealth v. Barr***, 266 A.3d 25, 39 (Pa. 2021). "Where the record supports the findings of the suppression court, we are bound by those facts and may reverse only if the legal conclusions drawn therefrom are in error." ***Commonwealth v. Cephus***, 208 A.3d 1096, 1098 (Pa. Super. 2019) (citation omitted). We defer to the suppression court, "as factfinder[,] to pass on the credibility of witnesses and the weight to be given to their testimony." ***Commonwealth v. Elmobdy***, 823 A.2d 180, 183 (Pa. Super. 2003).

Appellant's issue involves the application of the inevitable discovery rule. Under the inevitable discovery rule, "[i]f the prosecution can establish by a preponderance of the evidence that the illegally obtained evidence ultimately or inevitably would have been discovered by lawful means, the evidence is admissible." ***Commonwealth v. Bailey***, 986 A.2d 860, 862 (Pa. Super. 2009). This Court has cautioned, however, that "the inevitable discovery doctrine is not a substitute for the warrant requirement. Police must demonstrate that the evidence **would** have been discovered absent the police misconduct, not simply that they somehow **could** have lawfully discovered it." ***Commonwealth v. Perel***, 107 A.3d 185, 196 (Pa. Super. 2014) (emphasis in original).

Appellant claims that the suppression court erred in relying on the inevitable discovery doctrine when denying his suppression motion because Officer Auman testified that he would not have taken Appellant into custody

for an active warrant based on unpaid child support. Appellant's Brief at 22-27.

Our review of the record confirms that Officer Auman testified that he would not have arrested Appellant based on the active warrant for unpaid child support. In other words, even if Officer Auman **could** have lawfully discovered the contraband if he had searched Appellant incident to an arrest for unpaid child support, because Officer Auman testified that he would not have arrested Appellant pursuant to the outstanding warrant, the Commonwealth did not demonstrate that Officer Auman **would** have discovered the contraband. Thus, the record does not support the suppression court's finding that Officer Auman would have inevitably discovered contraband on Appellant's person incident to his arrest. The suppression court, thus, erred in denying Appellant's motion to suppress the evidence obtained from a search of his person based on its application of the inevitable discovery rule.

We, therefore, vacate Appellant's judgment of sentence, reverse the order denying Appellant's motion to suppress, and remand for further proceedings.

Judgment of sentence vacated.    Order reversed.    Case remanded.

Jurisdiction relinquished.


Judgment Entered.


_Benjamin D. Kohler_

Benjamin D. Kohler, Esq.
Prothonotary


Date: <u>02/25/2025</u>