J-S25018-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| TAHIR HIGHTOWER | : | |
| | : | |
| Appellant | : | No. 2403 EDA 2024 |

Appeal from the Judgment of Sentence Entered July 12, 2024
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0003196-2023

BEFORE:  PANELLA, P.J.E., DUBOW, J., and BENDER, P.J.E.

MEMORANDUM BY DUBOW, J.:                    **FILED AUGUST 12, 2025**

Appellant, Tahir Hightower, appeals from the July 12, 2024 judgment of sentence of 11½ to 23 months of county incarceration followed by two years of reporting probation entered in the Philadelphia County Court of Common Pleas following his conviction of firearms offenses.  Appellant challenges the denial of his motion to suppress evidence.  After careful review, we affirm.

We glean the following relevant facts and procedural history from the notes of testimony from the hearing on Appellant's motion to suppress and the suppression court's December 18, 2024 Rule 1925(a) opinion.  On April 14, 2023, at approximately 1:00 PM, Philadelphia Police Officer Ryan Clement was on duty monitoring street activity at the intersection of 12th and Dauphin

Streets on a Real Time Crime Camera.[1]  There had recently been 10 gunpoint robberies and multiple shootings in the area.

At 1:30 PM, Officer Clement received a radio call regarding a black male, later identified as Appellant, wearing a black shirt and yellow shorts carrying a firearm about a half block away at Fawn and Dauphin Streets.  Officer Clement turned the Crime Camera in that direction and observed a person matching that description walking down the street.  Officer Clement then saw Appellant reach into the front of his waistband and slide something around, then pull a firearm from his waistband, hold it down by his right leg as he walked past a group of people, and then return the firearm to his waistband. After Appellant entered a corner-store, Officer Clement broadcast Appellant's location to fellow officers.

Police Officer Gerard Brennan—an officer with, at that time, approximately ten years of experience—responded to the radio call, entered the store, and encountered Appellant in an aisle.  Officer Brennan observed a bulge from the front of Appellant's shirt, which was consistent with the presence of a concealed firearm.  Officer Brennan also noticed that Appellant appeared to be very young, which prompted him to ask Appellant as he approached him "How old are you?"[2]  N.T. Suppression Hr'g, 4/5/25, at 25.

_____

[1] Officer Clement testified that Real Time Crime Cameras are video surveillance cameras owned by the City of Philadelphia and installed throughout the city.

[2] Appellant's date of birth is July 3, 2003.  He was, therefore, 19 years old on the day of his arrest.

Then, as he further approached Appellant, Officer Brennan "clearly saw, in my opinion from countless stops over the years, that he was under 21. He looked to be in high school. . . . [O]bserving his face, to me he was high-school age." *Id.* at 25-26. Officer Brennan then reached for Appellant's gun. Officer Brennan and Appellant struggled and then fell to the ground. Officer Brennan ultimately recovered the firearm, which was a black "ghost" gun loaded with 12 live rounds.

Police officers arrested Appellant, and the Commonwealth charged him with Firearms Not to be Carried Without a License, Possession of a Firearm Prohibited, and Carrying Firearms in Public in Philadelphia.[3]

On August 10, 2023, Appellant filed a motion to suppress physical evidence. The trial court held a hearing on the motion on April 5, 2024. The issue before the suppression court was not whether the police had reasonable suspicion that Appellant possessed a firearm, but whether the police had reasonable suspicion that Appellant possessed a firearm illegally because Appellant was under the age of 21.

At the hearing, Officers Clement and Brennan testified consistently with the above facts. In addition, Officer Brennan explained that, in assessing whether Appellant was under 21-years-old, he "looked at his face. People that are older, as you get older, your face gets wider. He had a very thin face."

_____

[3] 18 Pa.C.S. §§ 6106(a)(1), 6105(a)(1), and 6108, respectively. The minimum age to apply for a license to legally carry a handgun in Pennsylvania is 21. 18 Pa.C.S. § 6019.

*Id.* at 28. He testified that once he was "face to face with [Appellant] he [was able] to definitely see that he is under 21 years of age[.]" *Id.* at 29. With respect to the basis of his opinion, Officer Brennan explained that "at this point I have ten years [of] experience. I'm stopping 20 to 30 people a month for ten years. So if you do the math on that, I start to get a really good idea. . . . [I] start to get a good idea and be able to tell how old somebody is. I couldn't maybe tell you the exact number age, but I could definitely give you a better description than a layperson." *Id.* at 29-30. Officer Brennan also testified that he "gave him the benefit of the doubt all the way until I was face to face with him and then I determined he was under 21." *Id.* at 30.

On cross-examination, Officer Brennan agreed that Appellant appeared to be around 6'3" tall and weighed around 155 pounds and conceded that if his body cam video showed that Appellant had a mustache, "he had one, yeah." *Id.* at 37.[4]

On re-cross-examination, Officer Brennan testified that the presence of facial hair did not change his perception of Appellant's age because of his "ten-plus years of stopping people of all different ages" and because "there's people in their teens with facial hair in my district all the time." *Id.* at 38. He confirmed that he was able to determine the difference between a child with facial hair and an adult with facial hair. *Id.*

_____

[4] On that day, Officer Brennan's partner completed a biographical information report indicating that Appellant was 6'3" tall and had a mustache and other facial hair. Officer Brennan's partner did not appear at the suppression hearing to testify regarding the information he memorialized in the report.

In addition to the officers' testimony, the Commonwealth also showed the court Officer Brennan's body-worn camera footage of his encounter with and arrest of Appellant. The suppression court also admitted into evidence a 19-second video recorded by the Crime Camera depicting Appellant, wearing a black shirt and yellow shorts, with a concealed firearm in his waistband.

Appellant argued in support of the motion that Officer Brennan lacked reasonable suspicion that Appellant was under the age of 21, and, thus, in illegal possession of a firearm because Officer Brennan's testimony indicated that he had merely "guessed" at Appellant's age. *Id.* at 41. He argued that the testimony indicated that it was not clear from Appellant's appearance on the day of his arrest that he was under 21 years old, because, if it had been clear, Officer Brennan would not have asked Appellant how old he was.

At the conclusion of the hearing, the trial court denied Appellant's motion to suppress finding that Officer Brennan "reasonably believed, based upon his 10 years of experience interacting with people on the street as a police officer" that Appellant appeared to be younger than 21 years old. Trial Ct. Op., 12/18/24, at 3-4. The case immediately proceeded to a stipulated bench trial, where the trial court convicted Appellant of each of the above offenses.

On July 12, 2024, the trial court imposed a sentence of 11½ to 23 months of county incarceration followed by two years of reporting probation. Appellant filed a post-sentence motion.

This timely appeal followed. Both Appellant and the trial court complied with Pa.R.A.P. 1925.

Appellant raises the following issue on appeal:

Did the trial court err in denying [Appellant's] motion to suppress where police seized him based solely on an officer's unparticularized suspicion that [Appellant], who was seen by police carrying a firearm, was under the age of 21?

Appellant's Brief at 2.

***

"Our standard of review in addressing a challenge to a trial court's denial of a suppression motion is whether the factual findings are supported by the record and whether the legal conclusions drawn from those facts are correct." *Commonwealth v. Evans*, 153 A.3d 323, 327 (Pa. Super. 2016) (citation omitted). "Once a motion to suppress evidence has been filed, it is the Commonwealth's burden to prove, by a preponderance of the evidence, that the challenged evidence was not obtained in violation of the defendant's rights." *Commonwealth v. Wallace*, 42 A.3d 1040, 1047–48 (Pa. 2012). Our scope of review of the suppression court's factual findings is limited to the record from the suppression hearing. *Commonwealth v. Barr*, 266 A.3d 25, 39 (Pa. 2021). "Where the record supports the findings of the suppression court, we are bound by those facts and may reverse only if the legal conclusions drawn therefrom are in error." *Evans*, 153 A.3d at 327 (citation omitted). Furthermore, "[i]t is within the suppression court's sole province as factfinder to pass on the credibility of witnesses and the weight to be given to

their testimony. The suppression court is free to believe all, some or none of the evidence presented at the suppression hearing." ***Commonwealth v. Elmobdy***, 823 A.2d 180, 183 (Pa. Super. 2003) (internal citation omitted).

\*\*\*

Appellant claims that the trial court erred in denying his motion to suppress because the evidence at the suppression hearing indicates that Officer Brennan lacked reasonable suspicion that Appellant was under the age of 21 and, thus, illegally possessed the firearm. Appellant's Brief at 9-13. Appellant contends that Officer Brennan only offered nonspecific reasons that he believed Appellant was under the age of 21, and that those reasons "fell far short of the types of specific, articulable facts required to support reasonable suspicion." ***Id.*** at 10. Appellant asserts that Officer Brennan's "blanket statement that [Officer Brennan] stopped 20 to 30 people a month for ten years shed no light for why this factor gave the officer a reasonable belief to conclude [Appellant's] age." ***Id.*** He also claims that Officer Brennan's belief as to his age was "unparticularized" because Officer Brennan "articulated no familiarity with persons under the age of 21 nor testified to any particular expertise in that area." ***Id.*** at 12. In sum, Appellant argues that Officer Brennan's "intuition" fails to establish reasonable suspicion. ***Id.*** at 11.

\*

An investigative detention is one of three levels of police-citizen encounters recognized under Pennsylvania law. ***See Commonwealth v.***

- 7 -

*Muhammad*, 289 A.3d 1078, 1086-1087 (Pa. Super. 2023) (acknowledging, in addition to the investigative detention, the mere encounter and custodial arrest). An investigative detention must be supported by reasonable suspicion, which exists when "there is a reasonable police belief that criminal activity is afoot." *Commonwealth v. Melendez*, 676 A.2d 226, 228 (Pa. 1996).

Reasonable suspicion "is less than a preponderance of the evidence but more than a hunch." *Commonwealth v. Jackson*, 907 A.2d 540, 543 (Pa. Super. 2006) (citation omitted). "Reasonable suspicion must be based on specific and articulable facts, and it must be assessed based upon the totality of the circumstances viewed through the eyes of a trained police officer." *Commonwealth v. Williams*, 980 A.2d 667, 671 (Pa. Super. 2009) (citation omitted). In addition, "we must give due weight to the specific reasonable inferences the police officer is entitled to draw from the facts in light of his experience." *Commonwealth v. Rice*, 304 A.3d 1255, 1261 (Pa. Super. 2023) (citation omitted).

The suppression court found that "Officer Brennan had reasonable suspicion that [Appellant] was illegally carrying a firearm because [Appellant] had the appearance of a teenager, and the law prohibits individuals under the age of 21 to possess guns." Trial Ct. Op. at 5. The court further explained as follows:

> When Officer Brennan saw [Appellant] in the aisle [of the convenience store], he immediately noted that [Appellant] looked very young and asked, "How old are you?" Officer Brennan drew

even nearer to [Appellant] and stated that when they were face to face, he knew that [Appellant] was under 21 and in fact "looked to be in high school." This was not based upon a "hunch;" rather, Officer Brennan had over ten years of experience and routinely stopped 20-30 people per month. Based upon this experience, Officer Brennan testified that he could accurately gauge whether an individual was under the age of 21 years old. He further testified that he gave [Appellant] "the benefit of the doubt all the way until he was face to face with him," and only once he determined [Appellant] was clearly under 21 years old did he reach for the firearm to secure it.

*Id.* (citations to the notes of testimony omitted). The trial court specifically noted that it found Officer Brennan's testimony credible and corroborated by the body worn camera footage, and that his "ten years' experience stopping people on the street imparted him with the knowledge and background to determine whether someone is under 21 years old." *Id.*

Following our review of the record before the suppression court, including the notes of testimony from the suppression hearing, we find that the record supports the trial court's findings of fact, and the trial court properly denied Appellant's motion to suppress. Our review confirms Officer Brennan's testimony that, based on his extensive experience over 10 years and Appellant's youthful appearance, he concluded that Appellant was under the age of 21 and, thus, illegally possessed the firearm. The evidence from the suppression hearing belies Appellant's claim that Officer Brennan's belief as to Appellant's age was unparticularized, that Officer Brennan did not articulate familiarity with people under age 21, and that Officer Brennan did not testify to having any "expertise in the area." To the contrary, Officer Brennan testified specifically that he "clearly saw, in my opinion from countless stops

over the years, that he was under 21." N.T. Suppression Hr'g at 25. He further testified, when asked what he saw that told him Appellant was under 21, that he "looked at [Appellant's] face. People that are older, as you get older, your face gets wider. He had a very thin face. I mean you can tell somebody that's in high school versus somebody who's 30 or 40." *Id.* at 28. The trial court credited Officer Brennan's testimony and the corroborating evidence presented by the Commonwealth. Appellant essentially asks this Court to make our own evaluation of Officer Brennan's testimony, which, as noted above, we cannot and will not do. In sum, the totality of the evidence presented at the suppression hearing was sufficient to justify Officer Brennan's reasonable suspicion that Appellant was engaging in criminal activity. Appellant's claim, thus, fails.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 8/12/2025

- 10 -